HENRY *v.* COLLINS.

No. 89. Decided March 29, 1965.*

*Robert L. Carter, Barbara A. Morris, Jack H. Young* and *Frank D. Reeves* for petitioner in both cases.

*W. O. Luckett* for respondents in both cases.

PER CURIAM.

The petitions for certiorari are granted. The judgments are reversed.

After petitioner's arrest on a charge of disturbing the peace, he issued a statement to the effect that this arrest was the result of "a diabolical plot," in which respondents, the County Attorney and Chief of Police of Clarksdale, were implicated. Respondents brought suits for libel and obtained jury verdicts. The Supreme Court of Missis-

---

*Together with No. 90, *Henry* v. *Pearson,* also on petition for writ of certiorari to the same court.

sippi affirmed. —— Miss. ——, 158 So. 2d 28; —— Miss. ——, 158 So. 2d 695.

The following instructions requested by the respondents, approved by the trial judge, were read to the jury:

> "The court instructs the jury for the plaintiff that malice does not necessarily mean hatred or ill will, but that malice may consist merely of culpable recklessness or a wilful and wanton disregard of the rights and interests of the person defamed."

The jury, was also instructed, at respondents' request, that

> ". . . [I]f you believe from the evidence that defendant published a false statement charging that his arrest . . . was the result of a diabolical plot . . . , you may infer malice, as defined in these instructions, from the falsity and libelous nature of the statement, although malice as a legal presumption does not arise from the fact that the statement in question is false and libelous. It is for you to determine as a fact, if you have first determined from the evidence that defendant published the statement in question and that it is false, whether or not the statement in question was actually made with malice."

The jury might well have understood these instructions to allow recovery on a showing of intent to inflict harm, rather than intent to inflict harm through falsehood. See *Garrison* v. *Louisiana,* 379 U. S. 64, 73. "The constitutional guarantees . . . [prohibit] a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made . . . with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co.* v. *Sullivan,* 376 U. S. 254, 279–280.

For the reasons set out in their respective concurring opinions in *New York Times Co.* v. *Sullivan,* 376 U. S.

358

254, 293–305, and *Garrison* v. *Louisiana,* 379 U. S. 64, 79–88, MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS and MR. JUSTICE GOLDBERG concur in reversal of these judgments, not merely for error in the instructions read to the jury, but on the ground that it would violate the First and Fourteenth Amendments to subject petitioner to any libel judgment solely because of his publication of criticisms against respondents' performance of their public duties.