Frank PAPE, Plaintiff-Appellant,

v.

TIME, INCORPORATED, Defendant-Appellee.

No. 15101.

United States Court of Appeals Seventh Circuit.

Dec. 28, 1965.

John M. Kaveny, Raymond Shaheen, Chicago, Ill., Shaheen, Lundberg & Callahan, Chicago, Ill., of counsel, for appellant.

Howard Ellis, Don H. Reuben, Lawrence Gunnels, Frank Cicero, Jr., of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for appellee.

Before DUFFY and SWYGERT, Circuit Judges, and GRUBB, Senior District Judge.

DUFFY, Circuit Judge.

Plaintiff Pape brought this suit seeking damages for libel. Jurisdiction was based upon diversity of citizenship. The complaint alleged the defendant, Time, Incorporated, publisher of the national weekly news magazine "Time", had defamed plaintiff in its November 24, 1961 issue. The allegedly libelous story reported the issuance and summarized the contents of the United States Civil Rights Commission's 1961 annual report. This Report entitled "Justice" is in book form. Chapter 2 is devoted largely to a description of alleged police brutality to Negroes.

The Time article entitled "Civil Rights—Dawdling on the Corner", was based largely on Chapter 2 of the Commission's Report entitled "Patterns of Police Brutality." Time reported an incident which it claimed had occurred in Chicago involving brutality by Pape and other police officers while arresting members of a Negro family named Monroe.

In the District Court, defendant moved to dismiss—in effect, urging the complaint failed to state a claim upon which relief could be granted. The District Court granted the motion. On appeal, this Court reversed. Pape v. Time, Incorporated, 318 F.2d 652. We stated that the subordinate, vital question was

whether Time's story of the Commission's Report of the Pape incident was fair comment.

In our opinion, we pointed out that the question then before us was not what the Commission's Report had said about Pape, but rather, what Time's article had said about the Report. We then noted that Time's article told the reader that the Report stated that Pape and others had actually committed certain acts. In fact, the Report had merely said that these acts were allegations in Monroe's complaint.

We stated "Under Illinois law, governing here, Time can be liable if it goes beyond that limit [fair comment] and 'states as a fact that which is not true * * *.' "

We then said "We conclude that Time took the risk, when it reworded parts of the Commission Report, that it might go too far * * *. A jury could find that Time went beyond the limit of fairness here and in doing so was not protected by its privilege of fair comment, and that in making its article more interesting and readable for its audience, it departed from fidelity to the Commission Report."

We decided that the complaint stated a claim upon which relief could be granted, and we reversed and remanded for further proceedings.

Subsequent to remand, the Supreme Court of the United States decided New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686. Thereafter, defendant took Pape's pretrial deposition. Pape testified he had been in the Chicago police department since 1933 and was presently a captain of police. He admitted that he and police officers under his command had gone to the Monroe house on the evening in question. At that time, he was deputy chief of detectives for Chicago. He had been appointed to that position by the Commissioner of Police. His permanent rank at that time was lieutenant of police.

In New York Times, the Supreme Court stated (376 U.S. p. 283, 84 S.Ct. p. 727) "We hold today that the Constitution delimits a State's power to award damages for libel in actions brought by public officials against critics of their official conduct. Since this is such an action,[23] the rule requiring proof of actual malice is applicable."

Footnote 23 referred to, stated in part —"We have no occasion here to determine how far down into the lower ranks of government employees the. 'public official' designation would extend for purposes of this rule, or otherwise to specify categories of persons who would or would not be included. * * * It is enough for the present case that respondent's position as an elected city commissioner clearly made him a public official * *."

Plaintiff urges that the Supreme Court thus confined its holding in New York Times to an "elected" public official. Also, that plaintiff was not a "public official" within the meaning of that case because he had neither been elected to his office, nor appointed nor confirmed in his appointment by an elective body.

We do not read New York Times Co. v. Sullivan as being limited to an elected public official. The Supreme Court based its decision, at least in part, upon certain precedents involving appointed officials. In one of the cited cases, the libel plaintiff was a Deputy Superintendent of Police for the city of Detroit. Lawrence v. Fox, 357 Mich. 134, 97 N.W. 2d 719. In another of the cited cases, the plaintiff was the Chief of Police of Los Angeles—Snively v. Record Publishing Company, 185 Cal. 565, 198 P. 1.

Subsequent decisions to New York Times clearly indicate the courts do not understand the rule announced in that case to be confined to elected public officials. In Henry v. Collins, 380 U.S. 356, 85 S.Ct. 992, 13 L.Ed.2d 892 (1965), the Supreme Court applied the New York Times doctrine to the Chief of Police of Clarksdale, Mississippi. The Chief was an appointed officer.

In Tucker v. Kilgore, 388 S.W.2d 112 (Ky.1965), the Court applied the New

York Times doctrine to an ordinary police patrolman in the city of Louisville, Kentucky. See also State v. Browne, 86 N.J.Super. 217, 206 A.2d 591 (N.J.1965) and Matassa v. Bel, 246 La. 294, 164 So.2d 332 (La.1964).

■ We hold that on the date Pape arrested James Monroe, when Pape held the position of deputy chief of detectives and lieutenant of police, he was a public official as that designation was used in New York Times Co. v. Sullivan.

We turn, therefore, to consider whether the existence of "actual malice" by Time, Incorporated presented a jury question. The Supreme Court in New York Times Co. v. Sullivan, stated at 376 U.S. 279–280, 84 S.Ct. 726: "The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice' —that is, with knowledge that it was false or with reckless disregard of whether it was false or not. * * *"

The record before us shows that Time, Incorporated was, at least, negligent in printing as established facts, matters and events which the Commission's Report stated were mere allegations in a complaint. But, negligence is not enough.

In New York Times, the newspaper admitted it had had evidence in its own files affirmatively showing the falseness of numerous statements in the publication . . . 376 U.S. at pages 287–288, 84 S.Ct. at page 730; also, that the Times had accepted and published the advertisement without in any way checking its accuracy against outside sources or material in its files. 376 U.S. 287, 84 S.Ct. 730.

The Supreme Court further said—376 U.S. at pages 287–288, 84 S.Ct. at page 730—"We think the evidence against the Times supports at most a finding of negligence in failing to discover the misstatements, and is constitutionally insufficient to show the recklessness that is required for a finding of actual malice."

In Garrison v. State of Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125, the Supreme Court applied the New York Times rule to criminal libel, holding that actual malice must be proved to convict an individual for libeling a public officer. The Court there defined malice as "only those false statements made with the high degree of awareness of their probable falsity * * *." 379 U.S. 74, 85 S.Ct. 216.

■ The burden of proving actual malice is upon Pape. He admitted in his pretrial deposition that he did not know anyone at Time, and, in fact, he does not claim the article was published with any deliberate attempt to harm him. He argues, however, that this question is already settled by reason of our decision in Pape v. Time, Incorporated (1962), 318 F.2d 652.

Our previous decision was made prior to New York Times Co. v. Sullivan. There, the District Court had dismissed the complaint on the defendant's motion so that all the well-pleaded facts stood admitted before us. We applied Illinois law.

We must now determine whether there is sufficient showing in the record before us that Time's statements were knowingly false or made with reckless disregard as to whether or not such statements were false.

As stated in our previous decision— " * * * Time took the risk, when it reworded parts of the Commission Report, that it might go too far * * *." We noted that Time had departed from fidelity to the Commission's Report in order to make the article more interesting and readable for its audience. Time's writers who prepared the article must have known the statements as to Pape's conduct were only allegations in a complaint in a civil suit. As we put it (318 F.2d at page 655)—"It is our opinion that a jury could read the Time article as stating that the Report said Pape and his follow [sic] officers *did* what the Commission Report merely said the Monroe complaint *alleged they did.*"

We hold that a sufficient showing has been made so that a jury could find Time, Incorporated acted with reckless disregard as to whether or not the reworded statements, hereinbefore described, were true or false. Therefore, it was error for the District Court to grant defendant's motion for a summary judgment.

The judgment of the District Court is reversed and remanded for further proceedings.

Reversed and remanded.