JONES, Justice:
This case was a suit for libel. It was tried in the Circuit Court of Benton County before the judge without a jury, and resulted in a judgment in favor of appellee, from which the appellants appeal.
Appellee was the principal of an attendance center in Benton County, Mississippi, and the question is raised here as to whether he was a public officer or official, and therefore whether he came within the provisions of New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) ; Garrison v. State of Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964); Henry v. Collins, 380 U.S. 356, 85 S.Ct. 992, 13 L.Ed.2d 892 (1965), and the more recent case of Rosenblatt v. Baer, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966).
Insofar as the principal of an attendance center being a public official is concerned, we can determine that fact from the laws of the State of Mississippi and the above decisions. The trial judge specifically declined to pass upon this question when he said: “The court does not feel rhat a de- *424 cisión has to be made as to whether or not the plaintiff was a public official because malice has been clearly shown by the testimony of the defendants themselves, by the candid statements concerning their results and intentions.”
The lower court’s findings as to malice are not clear and are not ascertained in accord with the requirements of New York Times Co. v. Sullivan, and the later cases cited above. It is necessary, therefore, for the judge who heard the case on the merits to supplement his findings of fact with specific findings on the issue of malice, and as to whether the proof of malice was made to the extent and in the manner required by the federal cases hereinbefore cited.
Mississippi Code Annotated section 1960 (1956) provides that this Court may determine all issues of fact which may arise out ■of any appeal before it and necessary to the disposition thereof. Section 1961 of the Code states that the Court may establish rules of practice and proceedings therein necessary and proper for the dispatch of business, such rules being consistent with law. Pursuant to statutory and constitutional authority vested in us, this Court in February 1965 adopted Rule 37 covering issues of fact arising out of appeals, section (b) thereof providing:
“In the event this Court so directs, the trial court or trial judge in vacation may determine all issues of fact which may arise out of any appeal submitted to the trial court or judge for its or his determination, and which may be necessary for the disposition of cases on appeal to the Supreme Court, in accordance with the authority vested in this Court by Mississippi Code Annotated section 1960 (1956).”
All the evidence having been presented to the trial court on the original trial, it is unnecessary to have the submission of any further evidence, and the trial court or trial judge in vacation is requested to supplement his previous findings made in this cause, by determining whether the proof in the original case as submitted to him met the requirements of the cases here-inbefore cited.
The Rosenblatt case, supra, was decided after the trial of the instant case, and the lower court did not have that decision before it. We think in view thereof, as well as the indefiniteness of his findings on malice, that the case should be remanded to him solely for such additional findings, and that he be requested to submit such additional findings to this Court not later than November 21, 1966.
While New York Times Co. v. Sullivan, supra, holds that in order for a public official to recover for defamatory falsehoods relating to his official conduct he must prove that “the statement was made with actual malice — that is, with knowledge that it was false or with reckless disregard of whether it was false or not,” we are not to be understood by this opinion to be indicating to the trial judge what we think he should find or what the record shows. We desire that it be examined objectively and that the lower court so make its findings (objectively) as to the matter herein mentioned.
Remanded for specific findings of fact by trial judge.
ETHRIDGE, C. J., and RODGERS, BRADY and PATTERSON, JJ., concur.