Margaret M. J. Mangan, J.
This is a motion by the defendants for summary judgment in a consolidated action for libel and slander.
The plaintiff, Supervisor and Senior Administrative Officer in charge of the Peck Slip station of the Post Office, is suing the defendant Lepper individually and in his representative capacity as chairman of the board of the National Association of Letter Carriers and as president of New York Letter Carriers, Branch 36, National Association of Letter Carriers. The national association and the local branch of such union are also named defendants in this action.
It appears the defendant Lepper received from the union delegate assigned to the Peck Slip station a detailed grievance report charging the plaintiff with discriminatory practice against union letter carriers by constant use of clerical personnel to perform letter carrier duties in violation of postal regulations. As was customary, the defendant Lepper sent the grievance report to the Postmaster for investigation and appropriate action. It is alleged, however, that a covering letter, dated January 23,1963, sent by the defendant Lepper to the Postmaster along with the grievance report was entirely false, defamatory and maliciously written with knowledge of its falsity and with intent to injure the plaintiff, which is denied by the defendants.
There are six causes of action now before the court. Pour causes of action are predicated upon the transmission of the letter of January 23, 1963. The remaining two causes of action commenced later are based upon a statement by the defendant Lepper relating to the litigation pending between the plaintiff and the defendants published in the January, 1964 issue of the local union newspaper.
In answer to the causes of action based upon the letter of January 23, 1963, the defendants allege, inter alia, affirmative defenses of truth, fair comment, qualified privilege in that the *445 statements in the letter were made ‘ without malice concerning a public official in the conduct of his official duties ” and in that the letter was written in good faith, without malice, by a union official to an employer concerning a matter of common interest and concern.
In answer to the remaining two causes of action based upon the publications in January, 1964, the defendants pleaded the affirmative defense of truth and fair comment.
Traditionally, a qualified privilege attached to communications upon a subject matter in which both communicating parties had an interest, or with respect to which they had a duty (Byam v. Collins, 111 N. Y. 143, 150; Bingham v. Gaynor, 203 N. Y. 27, 31). The defense of traditional qualified privilege was overcome by proof of malice ‘ ‘ equated with hostility, vindictiveness or negligent disregard of reputation ” (Washington Post Co. v. Keogh, 365 F. 2d 965, 967; see Shapiro v. Health Ins. Plan, 7 NY 2d 56, 60).
The scope of this traditional qualified privilege was expanded by the decision of the United States Supreme Court in New York Times Co. v. Sullivan (376 U. S. 254, 279-280) wherein a public official is now prohibited “ from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with ‘ actual malice ’ — that is, with knowledge that it was false or with reckless disregard of whether it was false or not ”, (Emphasis supplied.)
The plaintiff as the Supervisor and Senior Administrator of the Peek Slip Branch Post Office is important enough in position to be considered a public official within the purview of the Times case. He is an administrator in a Government agency taking care of public business and is paid by public funds, and his official conduct is a matter of public interest and concern (Rosenblatt v. Baer, 383 U. S. 75, 88; Swaaley v. United States, 376 F. 2d 857; Schneph v. New York Post Corp., 23 A D 2d 822, affd. 16 N Y 2d 1011; Kruteck v. Schimmel, 27 A D 2d 837).
The defendants had the right, absent malice, to criticize the official conduct of the plaintiff without fear of a libel suit, even though their remarks subsequently proved to be false and defamatory. The plaintiff has the burden of proving malice “ evidentially ” within the exacting standards of the Times test (Gould v. Broad, 22 A D 2d 800; Shapiro v. Health Ins. Plan, supra; Vecino v. Martinez, 24 A I) 2d 429; Gilberg v. Goffi, 21A D 2d 517, affd. 15 N Y 2d 1023).
It is difficult to ascertain a precise legal meaning of malice under the Times rule, except to say that a defamatory statement must be made with knowledge of its falsehood or ‘ ‘ with the high *446 degree of awareness of [its] probable falsity ” (Garrison v. Louisiana, 379 U. S. 64, 74). Malice as defined in the Times case is equated with a desire or intent to injure a person through a deliberate falsehood or with actual knowledge of its probable falsity (Garrison v. Louisiana, supra; Henry v. Collins, 380 U. S. 356; Rosenblatt v. Baer, supra) and the plaintiff must prove with “convincing clarity” (New York Times Co. v. Sullivan, supra, pp. 285-286) that the lie was a knowing one, or uttered in. reckless disregard for the truth (Rosenblatt v. Baer, supra, p. 92).
Under the Times rule, a defamatory falsehood does not constitute actionable malice. False statements can be made in honest error, and irrespective of motives, utterances honestly believed to be true are not actionable.
“Ill will, evil motive, intention to injure” is not malice (Rosenblatt v. Baer, supra, p. 84). There must be instead a showing of intention to harm through falsehood (Henry v. Collins, supra).
Conspiracy to injure, or a “ diabolical plot ’ ’ against a person, not connected to the falsehood, will not constitute actionable malice (Henry v. Collins, supra; Garrison v. Louisiana, supra; Rosenblatt v. Baer, supra). Suspicion, surmise or accusation is not sufficient to establish actionable malice (Shapiro v. Health Ins. Plan, supra). Existence of earlier disputes between the parties (Shapiro v. Health Ins. Plan, supra) and negligence in failing to ascertain the truth do not constitute actionable malice (New York Times Co. v. Sullivan, supra; Pauling v. National Review, 49 Misc 2d 975, affd. 27 A D 2d 903). Only actual knowledge of falsity or a high degree of awareness of probable falsity raising a duty to investigate the truth of a statement constitutes actionable malice under the Times rule (Washington Post Co. v. Keogh, supra; Kruteck v. Schimmel, 27 A D 2d 837, supra; Gilberg v. Goffi, supra).
On this motion for summary judgment, the plaintiff produced no evidentiary facts to prove actionable malice within the meaning of the Times rule. The plaintiff did offer evidence that the defendant Lepper and other union members made certain threats against him during the course of a long-standing feud between the parties/ but he produced no evidentiary facts, as distinguished from mere conclusory allegations, from which malice in the making of the defamatory statement can be inferred.
There is no evidentiary proof of actual knowledge of falsity of the statement complained of to establish actual malice in fact. Indeed, in his examination before trial, at pages 566 and 701 *447 thereof the plaintiff testified that he has no proof to support his claim that the defendants knew the contents of the letter of January 23,1963 to be false.
Nor is there any evidentiary proof of a reckless disregard for the truth within the meaning of the Times case. Viewing the proof offered by the plaintiff in the light most favorable to him, and assuming there was a showing of negligence, hatred and a conspiracy or plot to injure him, the required evidentiary proof of intent to inflict harm through falsehood is lacking (Henry v. Collins, supra).
There is no merit to the plaintiff’s claim that the letter complained of received excessive or unnecessary publication. The defendants have made an affirmative showing that the letter in question was sent through standard channels solely within the confines of the office of the Postmaster and solely to officials directly and intimately concerned with the subject matter of the grievance report. It appears that the three postal officials who received carbon copies of the letter were part of the Postmaster’s managerial staff, and that prior similar complaints lodged against the plaintiff were referred to them for appropriate action. The plaintiff’s reliance on Stefania v. McNiff (49 Misc 2d 480) is misplaced. That case is factually distinguishable and does not involve publication to interested parties.
A good public servant, under the mushrooming concept of the Times rule concept, is at the mercy of a malevolent word and nothing short of some proof of a deliberate falsehood or actual knowledge of its probable falsity will give him legal redress against a defamer.
Accordingly, on the papers submitted hereon, the court is constrained to grant the defendants’ motion for summary judgment to the extent of dismissing the four causes of action based upon the letter of January 23, 1963.
That branch of the motion seeldng dismissal of the two causes of action based upon the publications which occurred in January, 1964 is denied. The court recognizes utterances decreed immune from liability for libel retain their immunity when passed on to the press for publication (Gilberg v. Goffi, supra). However, no affirmative defense of privilege is pleaded by the defendants and no proof is offered to sustain the rolled up plea of truth and fair comment. Under the circumstances, the motion to dismiss these remaining two causes of action must be denied.