**Frank PAPE, Plaintiff-Appellant,**

v.

**TIME, INCORPORATED, Defendant-Appellee.**

**No. 17488.**

United States Court of Appeals Seventh Circuit.

Dec. 15, 1969.

---

Patrick W. Dunne, Chicago, Ill., Robert J. Nolan, Edward J. Hladis, Chicago, Ill., Nolan, O'Malley & Dunne, Chicago, Ill., of counsel, for appellant.

Don H. Reuben, Lawrence Gunnels, Michael W. Coffield, of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., Harold R. Medina, Jr., Cravath,

Swaine & Moore, New York City, N. Y., of counsel, for appellee.

Before DUFFY, Senior Circuit Judge, KILEY and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

This is a suit for libel brought by plaintiff, a Chicago police officer, against Time, Incorporated, the publisher of Time Magazine. The claim of plaintiff is based upon a story printed in Time Magazine under date of November 24, 1961. This appeal is from an order of the District Court granting, at the close of all of the evidence, a directed verdict in favor of defendant.

Pape became a policeman in March 1933. He was promoted to the position of Deputy Chief of Detectives in 1957. He held this position on October 27, 1958. He was promoted to Captain in 1959. During the period Pape was a sergeant of police, he participated in hundreds of arrests. On November 24, 1961, plaintiff, while on leave of absence from his police position, was employed as Director of Security for the Chicago Thoroughbred Enterprises, Inc., which company operates several race tracks in the Chicago area.

"Justice", Volume 5 of the official 1961 Report of the United States Commission on Civil Rights, was issued on November 17, 1961. The Report stated: "In no case has the Commission determined conclusively whether the complainants or the officers were correct in their statements."

Under the heading of "Search, seizure, and violence: Chicago, 1958," the Commission's Report stated that " * * * on the basis of a complaint which alleged that: * * * * " It thereafter related an alleged occurrence on the part of detective Pape and twelve other police officers during which it claimed that Monroe and members of his family were abused and Monroe was arrested and questioned about a recently committed murder.

This is the third time this case has been before us. In Pape v. Time, Incorporated, 318 F.2d 652, 655 (7 Cir., 1963) we reversed the judgment and remanded the case for further proceedings. In that opinion we stated: "We conclude that Time took the risk, when it reworded parts of the Commission Report, that it might go too far, * * * A jury could find that Time went beyond the limit of fairness here and in doing so was not protected by its privilege of fair comment, and that in making its article more interesting and readable for its audience, it departed from fidelity to the Commission Report."

After the remand, the Supreme Court of the United States decided New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Thereafter, this case came before us for a second time. Our opinion in that case appears in Pape v. Time, Incorporated, 354 F.2d 558 (7 Cir., 1965) (second opinion). We again reversed the judgment of the District Court and remanded. We held that Pape was a public official as that designation was used in New York Times Co. v. Sullivan, *supra*. There is no reason to now reverse that holding. We recognized the doctrine "[T]hat prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not. * * * " Pape v. Time, Incorporated, supra, 354 F.2d at page 560.

In the second opinion at 354 F.2d 560, we quoted from our first opinion as follows: " 'It is our opinion that a jury could read the Time article as stating that the Report said Pape and his follow (sic) officers *did* what the Commission Report merely said the Monroe complaint *alleged they did.*' " We again reversed the judgment of the District Court and remanded.

The Supreme Court has handed down several opinions explaining the language of the New York Times Co. v. Sullivan, *supra*, case. Among the cases which we have carefully considered is Garrison v.

Louisiana, 379 U.S. 64, 74, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964). The Court there held that recklessness requires a showing of a high degree of awareness of probable falsity. In Henry v. Collins, 380 U.S. 356, 357, 85 S.Ct. 992, 13 L.Ed.2d 892 (1965), the Court emphasized its interpretation of an "intent to inflict harm through falsehood." See Beckley Newspapers Corp. v. Hanks, 389 U.S. 81, 84, 88 S.Ct. 197, 19 L.Ed.2d 248 (1967) and St. Amant v. Thompson, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).

In our second opinion we stated at 354 F.2d 560 "Time's writers who prepared the article must have known the statements as to Pape's conduct were only allegations in a complaint in a civil suit." Since that time, the author of the Time article, one Edward F. Magnuson, has so testified. He admits that *when he wrote the article* he knew the Commission's Report stated that the alleged assaults on Monroe and his family were based upon a complaint which made such allegations. Magnuson was a former police reporter for the Minneapolis Tribune and he testified he knew the meaning of the word "complaint" and of the word "alleged." However, Magnuson deliberately and knowingly failed to mention in his article that his story of the alleged conduct and action of Pape and the other police officers was based on an allegation in a complaint in a pending civil suit.

■■■ We are here concerned with Time's falsification of what the Report said rather than the falsification of a story about the Monroe incident. Surely, a deliberate act of omission can show malice as well as an act of commission. Time omitted mention of the fact that when the article was written, the Pape-Monroe incident was reported in "Justice" as allegations in a complaint, not as proven fact. And the alleged injury to Pape was in Time's stating that the Commission reported that incident as true, instead of stating that the Commission reported it as alleged to be true. The jury could conclude that this amounted to an "intent to inflict harm through falsehood." Garrison v. Louisiana, 389 U.S. 64, 73, 85 S.Ct. 209, 215 (1964); Henry

v. Collins, 380 U.S. 356, 357, 85 S.Ct. 992 (1965).

We think pertinent the recent statement of the Court of Appeals for the Second Circuit in Goldwater v. Ginzburg, 414 F.2d 324, 337 (2 Cir., 1969): "One cannot fairly argue his good faith or avoid liability by claiming that he is relying on the reports of another if the latter's statements or observations are altered or taken out of context."

We hold the District Court was again in error in granting defendant's motion for a directed verdict.

The judgment of the District Court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

KILEY, Circuit Judge (concurring).

I concur in Judge Duffy's opinion that this case should have gone to the jury.

It is my view that the testimony of Magnuson, referred to in Judge Duffy's opinion, was sufficient prima facie to prove that Time published the article in suit "with knowledge that it was false." The publication of the article with the words in the Commission report deliberately omitted could reasonably be found to be a publication of "a defamatory falsehood * * * with knowledge that it was false." This met the test of New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710 (1964), under which either knowledge of falsity or reckless disregard of whether the material is false or not is required for proof of the vital element of "actual malice." I agree that the case progeny of New York Times Co. v. Sullivan has not changed the Supreme Court's test.

The effect of doing to the Commission report what Time did to it was to give the report an additional reader value. The Time article does not contain the various qualifications in the Commission report which Time urges upon us now with respect to the context in which the Commission treated the Monroe-Pape incident. We must consider the Time article as it was published.