Frederick Backer, J.
Plaintiffs, in the four entitled actions herein, move for an order directing the four actions he jointly tried, without consolidation, upon the ground that they involve common questions of law and fact. Actions 1 and 3 are by plaintiffs against the United Press International, Inc. (U. P. I.). Actions 2 and 4 are by the plaintiffs against News Syndicate, Inc. (News).
Defendant U. P. I. cross-moves for an order, pursuant to CPLR 3212, dismissing the complaints in Actions 1 and 3 and directing summary judgment in its favor against plaintiff, upon the ground defendant furnished its subscribers a fair and true report of the official proceedings by the Florida State Racing Commission as released to defendant U. P. I. by the Supervisor of Racing of said commission, and that plaintiff Haughton is a world-renowned public figure in the sports of harness horse *422 racing and the release by defendant was made without malice of any kind toward said Haughton.
In view of the dismissal of Actions 2 and 4 against the defendant News in companion motions decided simultaneously herewith, the instant motion for a joint trial is rendered academic as to Actions 2 and 4 and is therefore denied as to those actions.
Considering Actions 1 and 3, the cross motions to dismiss the respective complaints and for summary judgment in favor of the defendant U. P. I., will be considered firstly. It appears that on February 19, 1965, the Florida State Racing Commission. held a meeting in Miami, Florida which inquired into the drugging of a horse named Simple Simon. The horse was owned by plaintiffs Margaret and Lloyd S. Lloyds. The trainer was plaintiff Haughton. Laboratory tests conducted by the Racing Commission chemists indicated the horse had been given a stimulant drug. The three plaintiffs were present at the commission hearing, the Lloyds represented by counsel. Mr. Haughton pleaded nolo contendere to the charge and was found guilty.
On the following day, February 20, 1965, Richard Humble, Supervisor of Racing of the Florida State Racing Commission, reported to Stanley M. Brown, defendant’s employee at defendant’s Miami office, the results of the official proceedings of the commission on its investigation and findings with regard to said horse drugging. The content of Mr. Humble’s report, as it concerned plaintiff Haughton, .was set forth in paragraph “ Sixth ” of the amended complaint herein and constitutes the language complained of.
Shortly after the release of this report to its subscribers, U. P. I.’s employee Mr. Brown sought a further report from Mr. Kumhle, who then advised him that although the commission had found the horses in question had been drugged, the owners and trainers were found not to have been responsible for the actual drugging but were found negligent in protecting the horses from being drugged. Upon this clarification, defendant placed a “ mandatory kill ” on the earlier release and issued a clarifying release based on Mr. Humble’s second report.
The court has studied the pretrial discovery held herein by plaintiff and defendant of Mr. Brown, Mr. Haughton and Mr. Lloyds. Mr. Brown testified and it is readily apparent thereby that the report complained of was a fair and true report of the official release of the Florida State Racing Commission concerning its hearing regarding the horse, Simple Simon, trained and driven by defendant Haughton and owned by defendants Lloyds. The testimony of Mr. Haughton confirmed the activities of the *423 commission and his plea of nolo contendere to the charge of being the trainer of a drugged horse.
Mr. Lloyds’ testimony confirmed the testimony of Haughton and the fact that the Florida State Racing Commission was an official body of the State of Florida.
Upon a thorough study of the papers and record herein presented it is the court’s conclusion that the report complained of is a fair and true report of official proceedings of the Florida State Racing Commission, and therefore is privileged. The defense and arguments of the defendant in this respect are supported in fact and in law. It is clear that the commission is a quasi-judicial administrative body and its hearing has the status of an official hearing. The hearing was held ‘ ‘ in accordance with the Rules of Horse Racing promulgated under the general statutory authority of the Florida State Racing Commission, Section 550.02, as implemented by Section 550.02 and 550.24”.
It is well recognized that reports of administrative agencies and quasi-judicial bodies are privileged (Briarcliff Lodge Hotel v. Citizen-Sentinel Publishers, 260 N. Y. 106; Wiener v. Weintraub, 22 N Y 2d 330; Farrell v. New York Evening Post, 167 Misc. 412; Sheridan v. Crisona, 14 N Y 2d 108; Murphy v. News Syndicate Co., 12 NY 2d 1092).
In the case at bar, the press release by the Racing Commission through its Supervisor of Racing was a ‘1 report of an official proceeding ’ ’, that is, the administrative proceedings of the commission on February 19, 20, 1965. That the report was a fair and true report of the press release of the commission is clear from the testimony of Mr. Brown. Moreover, plaintiff has not produced or developed any facts or evidence which any wise even suggests that the report complained of was not a fair and true report of the press release of the commission.
With the landmark case of New York Times Co. v. Sullivan (376 U. S. 254), the law of libel involving public officials and public figures has been drastically changed, for it was therein held that a public official cannot recover damages for a defamatory falsehood relating to official conduct unless the verdict is based on proof of “ actual malice”. This holding has been followed in Rosenblatt v. Baer (383 U. S. 75); Curtis Pub. Co. v. Butts (388 U. S. 130); Associated Press v. Walker (388 U. S. 130); Time, Inc. v. Hill (385 U. S. 374); St. Amant v. Thompson (390 U. S. 727); United Med. Labs. v. Columbia Broadcasting System (404 F. 2d 706, cert. den. 394 U. S. 921); Time, Inc. v. McLaney (406 F. 2d 565, cert. den. 395 U. S. 922). The effect of these cases is the holding that where a plaintiff is a public *424 figure, and not merely a public official, or the subject matter of the publication complained of concerns a matter of general public interest, it is necessary for the plaintiff to plead and show malice or show that the statements were made with a reckless disregard for the truth. (See, also, Cepeda v. Cowles Mags, and Broadcasting, 392 F. 2d 417; Garfinkel v. Tiventy-First Century Pub. Co., 30 A D 2d 787.)
On the presentment herein, it cannot be denied that Mr. Haughton, the foremost trainer-driver of standard-bred horses, must be considered a public figure. On this motion for summary judgment, it clearly appears that plaintiffs have produced no evidentiary facts to prove actionable malice on the part of the defendant, nor evidentiary proof of actual knowledge of falsity of the statement complained of to establish actual malice in fact; nor is there any evidentiary proof of a reckless disregard for the truth within the meaning of the McLaney case aforecited (see Silbowitz v. Lepper, 55 Misc 2d 443, affd. 32 A D 2d 520).
Accordingly, the defendants ’ motion to dismiss the respective complaints and for summary judgment against plaintiffs is granted. The motion to consolidate Actions 1 and 3 is therefore denied.