## MARTIN A. BEATTY v. REPUBLICAN HERALD PUBLISHING COMPANY AND ANOTHER.

189 N. W. (2d) 182.

July 30, 1971—No. 42839.

*Martin A. Beatty,* pro se, for appellant.

*Streater, Murphy, Brosnahan & Langford, Roger P. Brosnahan,* and *Kent A. Gernander,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

NELSON, JUSTICE.

Appeal from a judgment of the district court entered pursuant to an order granting defendants, Republican Herald Publishing Company and its publisher, William F. White, summary judgment against plaintiff, Martin A. Beatty.

This litigation is a further outgrowth of the longstanding and vigorous public controversy over urban renewal and redevelopment in Winona, Minnesota, which has been before this court on two separate occasions in the past. Beatty v. Winona Housing & Redevelopment Authority, 277 Minn. 76, 151 N. W. (2d) 584; Beatty v. Ellings, 285 Minn. 293, 173 N. W. (2d) 12, certiorari denied, 398 U. S. 904, 90 S. Ct. 1694, 26 L. ed. (2d) 63.

Commencing in 1963, various public agencies and interested citizens initiated discussions and took steps preparatory to undertaking a renewal of Winona's downtown area. Plaintiff, a practicing attorney in the community who owns a building within the renewal area, has actively opposed the renewal plan since its inception. Some of the steps taken and methods utilized by plaintiff to achieve his ends are set out in the opinions cited above.

On September 24, 1968, pending the appeal in Beatty v. Ellings, *supra* (an action by plaintiff against numerous public bodies, public officials, and news media alleging a conspiracy to defame him and deny him his civil rights), plaintiff submitted a motion to this court for leave to serve and file a supplemental complaint alleging the publication of additional libels by defendants herein, who were also named as defendants in Beatty v. Ellings, *supra*. On September 26, 1968, this court having failed to act on that motion, he commenced the present separate action.

The four alleged libels in the case at bar were originally published in defendants' newspaper, the Winona Daily News, on three different dates in September 1966. The articles which contained the alleged libels were part of a series reporting a "run-

ning account" of plaintiff's testimony taken at his pretrial deposition by all the defendants in the then pending Ellings case.

On February 5, 1969, the district court granted defendants' motion to continue the instant case pending this court's decision in Ellings, stating in an accompanying memorandum:

"* * * Apparently a decision in that case [Ellings] will have some bearing on this case; both parties agree that this is true, it appears."

After this court decided in Ellings that plaintiff's claims raised on that appeal were without substantial merit, defendants moved for summary judgment in the instant case on the grounds that plaintiff's claims of libel were barred by Minn. St. 541.07, the statute of limitations; that the issues raised in his complaint had been determined adversely against him in Ellings; and that his complaint failed to state a claim upon which relief might be granted. The trial court granted the motion on the ground that there were no remaining justiciable issues in the case. In its memorandum accompanying the order, the trial court stated that it appeared that there were issues to be resolved by a jury with respect to plaintiff's allegations of conspiracy and libel unless defendants, as a matter of law, enjoyed a qualified privilege with respect to these alleged libels. The court felt that defendants did enjoy such a privilege based on plaintiff's position as a "public figure" for First Amendment purposes as determined by this court in Ellings. Because the alleged libels in the instant case grew out of and were a part of the same public controversy in Winona, the trial court felt bound by the ruling in Ellings that plaintiff was a "public figure." The court concluded that the alleged libels were conditionally privileged under the First Amendment to the Federal Constitution, and that plaintiff could only recover by pleading and proving that the words written about him were the product of actual malice by defendants, which plaintiff had failed to do in the instant case.

■ Generally and in brief, defendants contend that a newspaper's publication of an account of a deposition of the plaintiff

in a civil action against numerous public bodies, public officials, and communications media, taken in the presence of numerous defendants, prospective witnesses, and media representatives is conditionally privileged, in a constitutional sense, on the ground that such plaintiff is a public figure, when the civil action is an outgrowth and continuation of a longstanding and vigorous public controversy into the vortex of which such plaintiff has thrust his personality.

The trial court took a similar view in its memorandum accompanying the order for summary judgment:

"State laws of libel and slander were drastically curtailed by the case of Sullivan vs. New York Times, 376 U. S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686, which held that a public official could recover damages for libel only if he alleged and proved that words written about him were the product of actual malice. This doctrine was subsequently extended by the case of Rosenblatt vs. Baer 383 U. S. 75, 15 L. Ed. 2d 597, to include a former non-elected public official whose conduct of a county recreational area was criticised by a newspaper in defamatory terms, and in Curtis Publishing Co. vs. Butts, and Associated Press vs. Walker, 388 U. S. 130, 18 L. Ed. 2d 1094, where the United States Supreme Court held that Butts, a state university football coach, and Walker, a retired army general who had taken a public interest in public affairs in Mississippi, were 'public figures' for First Amendment purposes. With respect to Walker the Supreme Court said:

" 'Walker by his purposeful activity amounting to a thrusting of his personality into the "vortex" of an important public controversy'

became such a public figure. These cases were followed, as they must be, by the Supreme Court of Minnesota in Rose vs. Koch, 278 Minn. 235, 158 N. W. 2d 409, where it was held that a former legislator and present college professor was a 'public figure' within the meaning of the First Amendment, and, in a companion case to the cases at bar, Beatty vs. Ellings, 173 N. W. 2d 12,

the Minnesota Supreme Court ruled that this plaintiff was such a 'public figure'. * * * Inasmuch as the alleged libels in this case grew out of, and were a part of the same public controversy in Winona, this Court is of the opinion it is bound by the ruling of the Ellings case, and that consequently for the purpose of this case plaintiff must be considered a 'public figure'."

Clearly, in Beatty v. Ellings, *supra,* this court found plaintiff to be a "public figure" on the basis of his activities in opposing urban renewal which amounted to a "thrusting of his personality into the 'vortex' of an important public controversy." 285 Minn. 302, 173 N. W. (2d) 18. As defendants point out, plaintiff's status as a public figure in Winona has not been lessened by his initiation of this lawsuit and the fact that he decided to shift the forum of the controversy from public debate to litigation did not lessen public interest in the controversy and in plaintiff as the principal protagonist. So even if it is assumed that Ellings determined only that the plaintiff was a public figure at the time of the events complained of therein and that plaintiff was free to raise the factual question of whether he was still a public figure at the time of the publications here in issue, it appears to us from a search of the record herein that the facts relevant to the "public figure" issue remain unchanged and would compel a similar conclusion under the doctrine of stare decisis. See, Commissioner v. Sunnen, 333 U. S. 591, 68 S. Ct. 715, 92 L. ed. 898; People v. Haring, 286 App. Div. 676, 146 N. Y. S. (2d) 151. And whether bound by the Ellings case or not, the trial court could properly determine on the motion of defendants for summary judgment that the pleadings and record disclosed plaintiff was as a matter of law still a public figure.

With regard to plaintiff's argument that no privilege attached to publication of discovery deposition testimony, as defendants point out, the record fails to show any effort on his part to obtain a protective order as authorized by Rules 30.02 and 30.04, Rules of Civil Procedure. Having failed to do so, he cannot now contend that the media were not free to publish an account of

his testimony or that, having done so, their publications were not conditionally privileged by virtue of his status as a public figure. And, when a publication alleged to be defamatory is conditionally privileged, in a constitutional sense, it is essential to recovery by the plaintiff that he plead and prove that the publication was the product of actual malice.

It has long been the settled rule in Minnesota that there can be no recovery for a qualifiedly or conditionally privileged publication alleged to be defamatory without proof of actual malice. Friedell v. Blakely Printing Co. 163 Minn. 226, 203 N. W. 974. A number of recent decisions of the United States Supreme Court have added a new dimension to this rule, holding that the First and Fourteenth Amendments to the United States Constitution require state libel laws to safeguard freedom of speech and of the press by making proof of actual malice a requisite to recovery for alleged defamations of public officials and other public figures.[1] The foregoing principles were affirmed in the Ellings case where this court emphasized the necessity for a public figure, alleging libel, to plead as well as prove that the publication concerning him was the product of actual malice. In any event, the holding of this court in the Ellings case is dispositive of the issue here involved, and plaintiff has neither cited authority to the contrary nor advanced any compelling reason why the Ellings case should be overruled.

Most significant is the fact that plaintiff failed to plead actual malice and failed to produce evidence of such actual malice. Plaintiff alleged he was libeled by publication of reports of his deposition testimony containing four minor inaccuracies, each alleged to convey an intentionally defamatory innuendo. He

---

[1] New York Times Co. v. Sullivan, 376 U. S. 254, 84 S. Ct. 710, 11 L. ed. (2d) 686; Garrison v. Louisiana, 379 U. S. 64, 85 S. Ct. 209, 13 L. ed. (2d) 125; Henry v. Collins, 380 U. S. 356, 85 S. Ct. 992, 13 L. ed. (2d) 892; Rosenblatt v. Baer, 383 U. S. 75, 86 S. Ct. 669, 15 L. ed. (2d) 597; Curtis Publishing Co. v. Butts, 388 U. S. 130, 87 S. Ct. 1975, 18 L. ed. (2d) 1094. See, also, Rose v. Koch, 278 Minn. 235, 154 N. W. (2d) 409.

relied upon his own argumentative assertions that malice was established by pleading and alleging only four minor inaccuracies in the reporting. However, he failed to produce evidence that the inaccuracies were intentionally or recklessly made, or, equally important, that the alleged defamatory innuendoes were intentionally or recklessly conveyed. The trial court under the circumstances, considering these assertions and the entire record, was forced to conclude that plaintiff had failed to establish anything more than a possibility of some negligence on the part of defendants, pointing out that it appeared doubtful in some instances whether plaintiff could even prove falsity.

■ Additionally, the summary judgment for defendants ordered by the trial court is supportable as to the three alleged libels published prior to September 27, 1966, on the ground that such claims are barred by the statute of limitations, Minn. St. 541.07, which provides an action for libel must be commenced within 2 years of its accrual. While plaintiff herein alleged in his complaint that all the alleged libelous acts were committed pursuant to a conspiracy formed by defendants which would prevent the statute from running until the commission of the last act,[2] he has failed to produce any evidence of such alleged conspiracy. Such a conspiracy was found to be groundless in the Ellings case wherein plaintiff also alleged that the libels were published pursuant to a similar scheme and plan.

As a result, there was no issue to be submitted to a jury, and summary judgment was properly ordered for defendants.

Affirmed.

---

[2] 50 Am. Jur. (2d) Libel and Slander, § 390; 53 C. J. S., Libel and Slander, § 156.