175 N.J. Super. 418 (1980)
419 A.2d 1134
RAYMOND DURSKI ET UX., PLAINTIFFS-RESPONDENTS,
v.
SOL CHANELES ET AL., DEFENDANTS-APPELLANTS.
JOSEPH DRAGOTTA ET UX., PLAINTIFFS-RESPONDENTS,
v.
SOL CHANELES ET AL., DEFENDANTS-APPELLANTS.
JAMES HOLOVACKO ET UX., PLAINTIFFS-RESPONDENTS,
v.
SOL CHANELES ET AL., DEFENDANTS-APPELLANTS.
ROBERT KELLY ET UX., PLAINTIFFS-RESPONDENTS,
v.
SOL CHANELES ET AL., DEFENDANTS-APPELLANTS.
ANTHONY TARALLO ET UX., PLAINTIFFS-RESPONDENTS,
v.
SOL CHANELES ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1980.
Decided June 18, 1980.
*419 Before Judges ALLCORN, MORGAN and FRANCIS.
Edward A. Kondracki argued the cause for appellants (Davis & Reberkenny, attorneys).
William H. Gazi argued the cause for respondents (Foley & Gazi, attorneys).
The opinion of the court was delivered by ALLCORN, P.J.A.D.
Without regard to the issue of whether or not the magazine article was in fact defamatory, plaintiffs have completely failed to produce any proof by way of affidavit, certification or otherwise from which may be reasonably inferred "knowledge of the [asserted] falsity or reckless disregard of truth or falsity" on the part of any one or more of the defendants. Washinton Post v. Keogh, 365 F.2d 965 (D.C. Cir.1966). In such circumstances, quite obviously, there is no genuine issue of material fact on the question of actual malice, and thus defendants were entitled to the grant of their motions for summary judgment as a matter of law. Id. See, also, New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Henry v. Collins, 380 U.S. 356, 85 S.Ct. 992, 13 L.Ed.2d 892 (1965); LaRocca v. New York News, 156 N.J.Super, 59 (App.Div. 1978). Indeed, at oral argument plaintiffs conceded the absence of any cause of action against any of the defendants other than Chaneles.
The motion for summary judgment against the plaintiff-wives of the plaintiff police officers should have been granted on the additional ground that the assertedly libelous article *420 makes no reference whatever, expressly or by implication, with respect to the wives. An indispensable prerequisite to an action for defamation is that the defamatory statements must be of and concerning the complaining party. Gnapinsky v. Goldyn, 23 N.J. 243 (1957).
Accordingly, the order of the Law Division denying defendants' motion for summary judgment is reversed and the cause remanded to the Law Division with directions to grant defendants' motion for summary judgment and to enter judgment in favor of all defendants and against plaintiffs.