OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Soke et al., Appellees, v. The Plain Dealer et al., Appellants.
[Cite as Soke v. The Plain Dealer (1994),    Ohio St. 3d    ]
Torts -- Defamation -- Police officer testifying in trial
     regarding his personal advice to a nephew about that
     relative's cooperation in a murder investigation is a
     public official for defamation purposes.
     (No. 93-339 -- Submitted March 29, 1994 -- Decided June 1, 1994.)

Appeal from the Court of Appeals for Lake County, No. 92-L-023.

Appellee Dennis J. Soke was a police detective for the city of Painesville. His nephew, Donald Soke, was the defendant in a murder trial in Eastlake, Ohio. Dennis, under subpoena, testified at Donald's trial. Dennis was asked to testify about discussions that he had had with Donald while Donald was suspected of committing the murder at issue in the trial. Among other things, Dennis stated, "[m]any times when I talked to Donnie I had explained to him that he is apparently telling them things that is getting them to the point where, then, some way, somehow he is involved because he was giving them information that has not been made public information, has not been in the newspaper media. I encouraged him many, many times to please tell the truth and get the thing over with. And explain to them everything * * *." (Emphasis added.)

Appellant Laura Yee, a reporter for appellant, The Plain Dealer, was assigned to cover the trial. She took notes of the trial, including Dennis Soke's testimony. On March 16, 1990, an article appeared in The Plain Dealer that discussed the trial. The article was titled: "Soke's detective uncle testifies[.] Nephew ignored advice to keep quiet on LaSpina killing[.]" The article stated that Dennis Soke "told his nephew to keep quiet, to stop talking to investigators about his involvement in an Eastlake stabbing death."

A correction to this article was published on March 31, 1990.

Appellees, Dennis Soke and Nancy Soke, filed a complaint in the Court of Common Pleas of Lake County against appellants, alleging defamation, mental anguish and emotional distress.

Nancy Soke alleged she suffered loss of companionship, society, care and assistance as a result of the publication. The original complaint named the following defendants: The Plain Dealer, appellant Plain Dealer Publishing Co., appellant Thomas Vail, appellant Alex Machaskee, appellant Thomas H. Greer and Laura Yee. An amended complaint added appellant Ted Diadiun as an additional defendant.

Appellants filed a motion for summary judgment. In their motion they claimed that Dennis Soke, a police officer, was a public official, and because there was no showing of actual malice, judgment should be entered in favor of the appellants.

The trial court granted appellants' motion for summary judgment.

The Court of Appeals for Lake County reversed the trial court. The appellate court held that the reports of Dennis Soke's testimony did not concern a public official acting within the scope of his official capacity and were, thus, not constitutionally protected by the public official doctrine announced in New York Times Co. v. Sullivan (1964), 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed 2d 686.

This cause is now before this court pursuant to the allowance of a motion to certify the record.

Dray, Powers & Lawson Co., L.P.A., Sandra A. Dray and Edward C. Powers, for appellees.
Baker & Hostetler, Louis A. Colombo and Loretta H. Garrison, for appellants.

Pfeifer, J.    The present case requires us to determine whether a police officer testifying in trial regarding his personal advice to a nephew about that relative's cooperation in a murder investigation is a public official for defamation purposes. For the following reasons we answer this question in the affirmative.

The right to sue for damage to one's reputation pursuant to state law is not absolute. Instead, the right is encumbered by the First Amendment to the United States Constitution.

In New York Times Co. v. Sullivan (1964), 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed 2d 686, the United States Supreme Court held that "the Constitution delimits a State's power to award damages for libel in actions brought by public officials against critics of their official conduct." In these actions, the court noted that "the rule requiring proof of actual malice is applicable." Id. at 283, 84 S.Ct. at 727, 11 L.Ed.2d at 708.

The United States Supreme Court has repeatedly recognized that police officers are public officials. New York Times Co. v. Sullivan, supra; Henry v. Pearson (1965), 380 U.S. 356, 85 S.Ct. 992, 13 L.Ed.2d 892; St. Amant v. Thompson (1968), 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262; Time, Inc. v. Pape (1971), 401 U.S. 279, 91 S.Ct. 633, 28 L.Ed.2d 45.

Having determined that Soke, being a police officer, is a public official, it is necessary to determine the extent to which his statements are constitutionally protected when discussed by others. Although New York Times Co. v. Sullivan stated that statements regarding "official conduct" of public officials are protected, the United States Supreme Court

broadened this scope of protection in Garrison v. Louisiana (1964), 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125. In Garrison, the court declared that the Constitution protects statements made about public officials when those statements concern "anything which might touch on an official's fitness for office * * *." Id. at 77, 85 S.Ct. at 217, 13 L.Ed.2d at 134. In Monitor Patriot Co. v. Roy (1971), 401 U.S. 265, 91 S.Ct 621, 28 L.Ed.2d 35, the United States Supreme Court relied on the Garrison analysis, but added, "* * * whether there remains some exiguous area of defamation against which a candidate may have full recourse is a question we need not decide in this case." Id. at 275, 91 S.Ct at 627, 28 L.Ed.2d at 42-43.

In the present case, we conclude that The Plain Dealer article summarizing Soke's trial testimony concerned matters relevant to Soke's fitness to be a public official. A law enforcement official's murder trial testimony concerning his advice to a nephew on whether the nephew should cooperate with a murder investigation is relevant to the officer's fitness to hold his job. A competent police officer should truthfully testify while under oath at trial. Police officers should encourage citizens to cooperate with criminal investigations. Police officers should also refrain from providing special treatment to relatives who are suspected of criminal conduct. Thus, Soke's statements, when erroneously reported by The Plain Dealer, were relevant to his fitness and competence to be a police officer. As a result the incorrectly reported statements were constitutionally protected.

Because the memorandum in opposition to summary judgment filed by the Sokes did not contend that The Plain Dealer printed its erroneous article with malice, the trial court properly granted the defendants' motion for summary judgment.

Accordingly, the judgment of the court of appeals is reversed.

Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.