BECKLEY NEWSPAPERS CORP. *v.* HANKS.

No. 467.   Decided November 6, 1967.

*Thurman Arnold* and *Jack A. Mann* for petitioner.

*Harry G. Camper, Jr.,* for respondent.

PER CURIAM.

The petition for certiorari is granted.

Respondent Hanks is the elected Clerk of the Criminal and Circuit Courts of Raleigh County, West Virginia. He brought this libel action in the West Virginia Circuit Court, Wyoming County, alleging that during his re-election campaign he was libeled by three editorials, highly critical of his official conduct, which appeared in petitioner's morning newspaper. The jury returned a verdict for respondent and awarded him $5,000 damages.

82

The State Supreme Court of Appeals denied petitioner's application for appellate review.

Although this action was tried subsequent to the decisions of this Court in *New York Times Co.* v. *Sullivan,* 376 U. S. 254 (1964); *Garrison* v. *Louisiana,* 379 U. S. 64 (1964); *Henry* v. *Collins,* 380 U. S. 356 (1965); and *Rosenblatt* v. *Baer,* 383 U. S. 75 (1966), and despite the fact that it was recognized at trial that the principles of *New York Times* were applicable, the case went to the jury on instructions which were clearly impermissible. The jury was instructed in part that it could find for the respondent if it were shown that petitioner had published the editorials "with bad or corrupt motive," or "from personal spite, ill will or a desire to injure plaintiff." Because petitioner failed to object to this erroneous interpretation of *New York Times* at trial, and in fact offered instructions which were themselves inadequate, the issue of these instructions is not before us. However, since it is clear that the jury verdict was rendered upon instructions which misstated the law and since petitioner has properly challenged the sufficiency of the evidence, we have undertaken an independent examination of the record as a whole "so as to assure ourselves that the judgment does not constitute a forbidden intrusion on the field of free expression." *New York Times Co.* v. *Sullivan, supra,* at 285. See *Curtis Publishing Co.* v. *Butts,* 388 U. S. 130, 156–159 (1967) (opinion of Mr. Justice Harlan); *id.,* at 168–170 (opinion of The Chief Justice).

In *New York Times* we held that the Constitution forbids recovery of damages in a civil libel action by a public official, such as respondent, "for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless

disregard of whether it was false or not." 376 U. S., at 279–280. Our examination of the whole record satisfies us that "the proof presented to show actual malice lacks the convincing clarity which the constitutional standard demands . . . ." 376 U. S., at 285–286.

We put aside the question whether the proofs show that the allegedly libelous statements were false. If false, respondent did not and does not contend that petitioner published the statements with knowledge of their falsity. His contention was and is that the proofs were sufficient for the jury to find that petitioner published the statements with reckless disregard of whether they were false or not. However, virtually the only evidence we find bearing on that question relates to one of the editorials critical of the opposition of respondent and another public official, Mrs. Elinor Hurt, president of the county board of health, to fluoridation of the local water supply. That editorial, captioned "The Fluoridation Situation Remains Unchanged," was directed primarily at Mrs. Hurt's opposition* but also included the following:

> "Here, again, [Mrs. Hurt] seems to want to follow in the footsteps of Hanks. For it was Hanks who ordered over the telephone once that he did not want his name to appear in the Beckley Post-Herald again. He backed up this order with an inexplicit threat—one merely intended to frighten those who are easily intimidated.
>
> "The only conclusion to which we can come is that either Hanks and Mrs. Hurt have been in league toward the fanatic end, believing all the wild-eyed

---

*When asked whether she had ever brought suit against petitioner for these or other statements, Mrs. Hurt replied, "No, sir, I have big broad shoulders." (Tr. 49.)

84

ravings against fluoridation despite decades of experience to disprove them, or that *perhaps his blustering threats were able to intimidate the lady."* (Emphasis added.)

Respondent's argument is that since both he and Mrs. Hurt testified and denied any threats or intimidation, the following testimony of petitioner's president and general manager on cross-examination provides "convincing proof" of the absence of prior investigation which entitled the jury to find that the "offending charges" were published with reckless disregard of whether they were false or true:

"Q. But you can't tell this jury that any specific investigation was made before this man was attacked in any of these articles, can you?

.     .     .     .     .

"A. We watch the activities of the public servant. You don't have to make an investigation. His whole life is out in front of everybody.

"Q. Those editorials were not written by anybody who wanted to find out whether or not he threatened Mrs. Hurt, were they?

"A. There was cause on their part to feel there was that possibility.

"Q. That possibility?

"A. That's right. 'Perhaps,' they said.

.     .     .     .     .

"A. It was our opinion that that was as near the facts and truth as we could get." (Tr. 121–122.)

We reject respondent's contention. Neither this passage nor anything else in the record reveals "the high degree of awareness of . . . probable falsity demanded by *New York Times . . . ." Garrison* v. *Louisiana,* 379 U. S. 64, 74; it cannot be said on this record that any failure of petitioner to make a prior investigation consti-

tuted proof sufficient to present a jury question whether the statements were published with reckless disregard of whether they were false or not. Cf. *New York Times Co.* v. *Sullivan, supra,* at 287–288; *Time, Inc.* v. *Hill,* 385 U. S. 374, 388–389 (1967). See also *Curtis Publishing Co.* v. *Butts, supra,* at 153–154 (opinion of MR. JUSTICE HARLAN).

The judgment is reversed, and the case remanded to the Circuit Court of West Virginia, Wyoming County, for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK, whom MR. JUSTICE DOUGLAS joins, concurs in the result for the reasons stated in his concurring opinions in *New York Times Co.* v. *Sullivan,* 376 U. S. 254, 293, and *Garrison* v. *Louisiana,* 379 U. S. 64, 79.

MR. JUSTICE FORTAS took no part in the consideration or decision of this case.