■ HYMAN SILBOWITZ, Appellant, v. MIMI LEPPER, as Administratrix of the Estate of PHILIP LEPPER, Deceased, et al., Respondents.— Orders, entered January 8, 1968 and March 13, 1968, and judgment entered March 25, 1968, affirmed, with $50 costs and disbursements to defendants-respondents. We agree with the properly reasoned conclusions of Madam Justice Mangan at Special Term that the plaintiff, a supervisor and senior administrator of the Peck Slip Station of the City of New York Post Office Department, is to be considered a public official within the purview of the *New York Times Co.* v. *Sullivan* (376 U. S. 254) and that he has failed to establish the element of actual malice which is essential to his alleged causes of action. There is in fact a failure on plaintiff's part to show a factual basis for a claim of falsity of the alleged libelous statements contained in the letter of January 22, 1963. The letter, addressed to the Postmaster of the City of New York, was allegedly written in the performance of the defendant Lepper's duties as President of the local branch of the National Association of Letter Carriers. This organization was the recognized representative of the letter carrier personnel employed at the Peck Slip Station and, in substance, the letter charged the plaintiff with the improper employment of regular and substitute clerks to perform letter carrier duties in violation of postal regulations. In view of the duties and responsibilities of Lepper as a union official, his letter to the postmaster was qualifiedly privileged as comment concerning the acts of a public official. Certainly, the plaintiff may not recover damages for the publication of the letter "unless he proves that the publication was made with actual malice, that is, with knowledge that it was false or with reckless disregard as to whether it was false or not". (*Kruteck* v. *Schimmel,* 27 A D 2d 837, citing *Times* v. *Sullivan, supra,* and other decisions.) In support of his claim of knowing falsity as a basis for malice, plaintiff refers particularly to the first sentence of the letter which states: "Throughout the years," the writer, Lepper, had

"no alternative but to complain to you [the City Postmaster] in connection with the vicious and discriminating actions taken by Mr. Silbowitz [the plaintiff] against letter carriers." This statement, however, is to be read and construed in light of the contents of the letter as a whole, and the statement is explained and qualified by the immediately following sentence referring to prior letters to the Postmaster "concerned with [plaintiff's] individual short-comings as a supervisor and * * * his lack of acknowledgement of instructions emanating from the Department, the Region and yourself with regard to labor-management and mutual respect between supervision and employees." The particular statement is not shown to be false. The record establishes beyond doubt that there were prior letters and complaints by Lepper concerning the alleged improper action of the plaintiff discriminating against letter carriers. It is immaterial whether or not such prior complaints were well grounded or sustained. The fact is that there were such complaints. Thus, the statement in the letter is true and the truth thereof would furnish an absolute defense. (See 34 N. Y. Jur., Libel and Slander, § 80.) But we ground our decision, as did Special Term, upon the failure of plaintiff to show actual malice as, in this connection, the burden of proof is upon the plaintiff to show knowing falsity or reckless disregard of whether the alleged libelous statement was true or false. (See, also, *Pauling* v. *National Review*, 22 N Y 2d 818.) The characterization by Lepper of the plaintiff's actions as "vicious and discriminating" is nothing more than an expression of Lepper's opinion based upon his contentions as set forth in the letter. This expression of an opinion, although having a tendency to establish the existence of the ill will of Lepper toward plaintiff, does not furnish the basis for a finding of actual malice within the meaning of the *Times* v. *Sullivan* rule. Furthermore, the existence of such malice is not inferable from the statement in the letter that plaintiff's actions represented a "diabolic design to harm letter carriers". (*Henry* v. *Collins*, 380 U. S. 356.) The secret delivery of a copy of the letter to plaintiff's personnel officer, although also receivable as evidence of ill will, does not tend to establish the element of "actual malice" required by the decisions. It is settled that "actual malice" may not be based merely upon proof of "ill will", "personal spite", "evil" or "corrupt" motives, "intent to injure", or "hatred". (*Garrison* v. *Louisiana*, 379 U. S. 64; *Rosenblatt* v. *Baer*, 383 U. S. 75; *Beckley Newspapers* v. *Hanks* 389 U. S. 81.) It is not the "intent merely to inflict harm" that is actionable but, rather, the "intent to inflict harm through falsehood". (*Garrison* v. *Louisiana*, supra, p. 73; also *Henry* v. *Collins*, 380 U. S. 356, supra.) Thus, absent proof of any falsehood in the letter of the defendant Lepper concerning the actions of the plaintiff as a public official, there is no case. Concur — Eager, J. P., McGivern and Steuer, JJ.; Markewich and McNally, JJ., dissent in the following memorandum by McNally, J.: The action is grounded on the letter dated January 22, 1963 by defendant Lepper, president of defendants letter carrier unions, to the New York Postmaster enclosing the report of a union delegate dated January 10, 1963. Copies of the letter of January 22 were sent to others. The initial paragraph of the letter of January 22 purports to be on the personal knowledge of the writer. It relates to complaints in prior years by Lepper of "vicious and discriminatory actions taken by" plaintiff. Involved, therefore, is the personal knowledge of Lepper. It would appear from plaintiff's opposing papers that he was vindicated as to the pre-1963 complaints and that Lepper had knowledge thereof. There are issues of fact as to defendants' knowledge of the falsity and actual malice in respect of the content of the first paragraph of the letter of January 22. (*Filliben* v. *Jackson*, 247 A 2d 913 [Del.], cert. den. 394 U. S. 906.) Moreover, proof of

knowledge and malice as to the first paragraph may serve to negate Lepper's claimed reliance on the report dated January 10, 1963. *New York Times Co. v. Sullivan* (376 U. S. 254, 287) after a full trial, failed to show actual malice. " The mere presence of the stories in the file does not, of course, establish that the Times ' knew' the advertisement was false, since the state of mind required for actual malice would have to be brought home to the persons in the Times' organization ". In the case at bar, the offending letter speaks of prior complaints of happenings as to which plaintiff, to the alleged knowledge of Lepper, was vindicated. In *St. Amant* v. *Thompson* (390 U. S. 727) defendant relied on the statement of another and the record failed to demonstrate untrustworthiness of the sponsor of the statement. In *St. Amant,* the court said (pp. 732–733) : " By no proper test of reckless disregard was St. Amant's broadcast a reckless publication about a public officer. Nothing referred to by the Louisiana courts indicates an awareness by St. Amant of the probable falsity of Albin's statement about Thompson. Failure to investigate does not in itself establish bad faith. *New York Times Co.* v. *Sullivan* [376 U. S. 287–288]. * * * Closer to the mark are considerations of Albin's reliability. However, the most the state court could say was that there was no evidence in the record of Albin's reputation for veracity, and this fact merely underlines the failure of Thompson's evidence to demonstrate a low community assessment of Albin's trustworthiness or unsatisfactory experience with him by St. Amant." *Beckley Newspaper* v. *Hanks* (389 U. S. 81) also involved the attempt to impute knowledge of falsity to defendant. The court there said (pp. 84–85) : " it cannot be said on this record that any failure of petitioner to make a prior investigation constituted proof sufficient to present a jury question whether the statements were published with reckless disregard of whether they were false or not." The orders granting summary judgment should be reversed on the law and the motion therefor denied. [55 Misc 2d 443.]