William MANUEL, Plaintiff-Appellee and Cross-Appellant,

v.

FORT COLLINS NEWSPAPERS, INC., a Colorado. corporation, Stephanie Brown, Larry Steward, and Jerry Sharpnack, Defendants-Appellants and Cross-Appellees.

No. 77–746.

Colorado Court of Appeals, Div. I.

July 1, 1982.

Rehearing Denied July 29, 1982.

Certiorari Denied March 7, 1983.

Tucker & Brown, William E. Tucker, Denver, for plaintiff-appellee and cross-appellant.

Hill & Hill, Alden V. Hill, Fort Collins, for defendants-appellants and cross-appellees.

VAN CISE, Judge.

This public official libel case has been remanded by the Supreme Court for consideration of the other contentions of error raised by the parties following its decision that this court should have based its opinion on the record as presented to the jury rather than on the appropriateness of the denial of the defendants' pre-trial motion for summary judgment. *See Manuel v. Fort Collins Newspapers, Inc.,* Colo., 631 P.2d 1114 (1981), reversing our decision in 42 Colo. App. 324, 599 P.2d 931 (1979).

The identification of the parties, the procedural history, the pertinent facts, and the portions of the news articles and editorials claimed to be libelous are set forth in our previous opinion and will not be repeated here.

After a review of the entire record, we conclude that the trial court erred in denying defendants' motions for directed verdict and for judgment notwithstanding the verdict. Accordingly, we reverse the judgment entered on the jury verdict in favor of plaintiff.

The evidence presented at the trial was substantially the same as the showing made in support of and in opposition to the summary judgment motions. Therefore, what we said in our previous opinion directed at summary judgment on these facts is equally applicable in determining whether a directed verdict or judgment notwithstanding the verdict should have been granted. Hence, the factual analysis and legal rationale set forth in that opinion is incorporated herein by reference.

■ In summary, a public official can recover in a defamation suit only if he proves by "clear and convincing evidence" that a false and defamatory statement of fact was published about him by a defendant who, at the time of publication, knew that the statement was false or made it "with reckless disregard of whether it was false or not." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *Curtis Publishing Co. v. Butts,* 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); *New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

Even if some of the statements here objected to contained factual inaccuracies, nevertheless plaintiff failed to prove with "convincing clarity," or, indeed, at all, that defendants had acted with "actual malice" as defined in *New York Times v. Sullivan, supra; i.e.,* that any of them acted with knowledge that any of the statements were false or with reckless disregard of whether they were true or false. In fact, defendants thought the statements were true. Therefore, it was the duty of the trial court to rule as a matter of law that no "actual malice" existed, *New York Times v. Sullivan, supra; see Di Leo v. Koltnow,* 200 Colo. 119, 613 P.2d 318 (1980), and the libel judgment must be reversed for its failure so to do.

Unlike *Kuhn v. Tribune-Republican Publishing Co.,* Colo., 637 P.2d 315 (1981), there was no showing here that defendants' investigation before publication was "grossly inadequate" or that there had been any fabrication of the facts. And, even if plaintiff had been permitted to introduce the offered testimony from two witnesses to the effect that defendant Brown had made statements to them indicating ill will toward plaintiff, that testimony would not have shown "actual malice" in the *New York Times* sense, *i.e.,* that Brown or the other defendants published known falsehoods about plaintiff or that any statement was published in reckless disregard of the truth. *Old Dominion Branch No. 496 v. Austin,* 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974); *Greenbelt Cooperative Publishing Ass'n v. Bresler,* 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970); *Beckley v. Hanks,* 389 U.S. 81, 88 S.Ct. 197, 19 L.Ed.2d 248 (1967); *Garrison v. Louisiana,* 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964). " 'Ill will toward the plaintiff, or bad motives, are not elements of the New York Times standard.' " *Old Dominion, supra.*

In view of our disposition of this case because of the absence of "actual malice," we do not address defendants' other claims of reversible error, some of which are meritorious. Also, our disposition renders moot the other issues raised in plaintiff's cross-appeal.

The judgment is reversed, and the cause is remanded with directions to dismiss the action.

ENOCH, C.J., and PIERCE, J., concur.