## Slanco v. Vindicator Printing Co.
*[Cite as 2 AOA 633]*

*Case No. 4050*
*Trumbull County, (11th)*
*Decided March 30, 1990*

R.C. 27391.01
Civ. R. 45(C)

*Michael Slanco, Pro se, 508 Baldwin Avenue, Niles, OH 44446, Plaintiff-Appellant/ Cross-Appellee.*

*Stephen T. Bolton, Esq., Joseph R. Young, Jr., Esq., 1100 Bank One Building, Youngstown, OH 44503, For Defendant-Appellee/Cross-Appellant.*

CACIOPPO, J.,

On January 7, 1982, appellant, Michael Slanco, filed a complaint against appellee, Vindicator Printing Company, ("Vindicator"). The complaint alleged that the Vindicator had printed an article on December 18, 1981 which contained two false and defamatory statements concerning Slanco. The complaint did not contain a demand for a jury trial pursuant to Civ. R. 38. The Vindicator filed an answer on March 23, 1982.

On April 25, 1983, Slanco filed an amended complaint. The trial court dismissed the amended complaint on June 24, 1983, pursuant to a motion to dismiss filed by the Vindicator. Slanco appealed, but this court dismissed for lack of a final appealable order on April 2, 1984.

In the interim, the Vindicator filed a motion for summary judgement on June 23, 1983. The trial court, though finding that Slanco was a "limited public figure" for the purposes of the December 18, 1981 newspaper article, overruled the motion on May 2, 1985.

On November 18, 1986, Slanco filed a demand for a jury trial pursuant to Civ. R. 38. The trial court denied Slanco's jury demand on January 21, 1987.

Slanco subpoenaed a number of employees of the Vindicator. The Vindicator moved to quash the subpoenas because Slanco had failed to comply with the service requirement of Civ. R. 45. The trial court sustained the motion to quash.

The case proceeded to a bench trial. At the close of Slanco's case, the Vindicator moved to dismiss pursuant to Civ. R. 41(B) (2), alleging that the newspaper article was essentially true and that Slanco failed to prove actual malice and damages. The trial court overruled the motion.

On March 15, 1988, the trial court, noting that Slanco did not reach "the status of public figure as contemplated in *Curtis Publishing Co. v. Butts* ***" found that the newspaper article was false and that the Vindicator's actions were negligent, reckless and wanton. It awarded Slanco damages in the amount of $25,000. Slanco appealed and the Vindicator cross-appealed.

Slanco has assigned twelve errors which may be consolidated into three legal arguments. We will address each of the three arguments as an assignment of error.

"1. The court erred in denying request of a jury trial and denying appellant's amended complaint.

"2. The appellant was denied due process and equal protection of law when the court failed to appoint counsel.

"3. The court erred in quashing appellant's subpoenas.

Slanco argues that the trial court erred in dismissing his amended complaint.

R.C. 2305.11(A) provides in relevant part that:

"[a]n action for libel *** shall be commenced within one year after the cause of action accrued ."

A cause of action for libel accrues on the date of publication.

In the case *sub judice*, Slanco's amended complaint alleged that he was defamed by articles published on December 23, 1982, and December 19, 21, and 22, 1981. Slanco filed the amended complaint on April 25, 1983, which was beyond the statute of limitations. The trial court properly dismissed the amended complaint.

Slanco argues that the trial court erred in denying his request for a jury trial.

Civ. R. 28(B) provides in pertinent part:

"Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and

not later than fourteen days after the service of the last pleading directed to such issue."

In the instant case, Slanco filed his complaint on January 7, 1982. The Vindicator filed an answer on March 23, 1982. Neither pleading contained a jury demand. Slanco filed and served a jury demand on November 18, 1986, about four and one-half years after the time for filing a jury demand had expired. Pursuant to Civ. R. 38(D), Slanco waived the right to a jury trial. The trial court did not err in denying Slanco's request for a jury trial.

Accordingly, the first assignment is ovverruled.

Courts have long recognized that the right to counsel is only available in criminal suits. The tenets of the criminal right to counsel are not embodied in civil litigation. Therefore, no violation can be found. The second assignment of error is overruled.

Civ. R. 45(C) governs the service of subpoenas. It requires that the server be a "sheriff, bailiff, coroner, clerk of court, constable or a deputy of any, by an attorney at law or by any person designated by the court." *Id.* Additionally, the party requesting service must deposit appropriate fees.

In this case, Slanco failed to comply with Civ. R. 45(C), as the server did not meet the requirements and Slanco did not deposit appropriate fees. Although Slanco alleges he is indigent, the record contains no such finding by the trial court. As such, Slanco needed to forward the appropriate fees. The third assignment of error is overruled.

The Vindicator filed six cross-assignments of error.

"1. The trial court erred to the prejudice of defendant in overruling defendant's motion to dismiss made at the close of plaintiff's case.

"2. The trial court erred in failing to enter judgment for the defendant.

"3. The trial court erred to defendant's prejudice in imposing liability without clear and convincing proof of actual malice.

"4. The trial court erred in awarding presumed damages in the absence of proof of actual malice.

"5. The trial court erred to defendant's prejudice in employing a constitutionally impermissible ordinary negligence standard.

"6. The trial court erred to defendant's prejudice in refusing to permit introduction of testimony or evidence concerning prior civil and criminal proceedings against the plaintiff."

The first five assignments will be consolidated as the Vindicator essentially argues that the court erred in awarding damages because appellant failed to prove both acutal malice and damages by clear and convincing evidence, but instead applied a negligence standard.

Both parties and the trial judge conclude that for the purpose of the December 18, 1981 article, Slanco was a "limited public figure." The applicable standard of proof is "actual malice." In *Dupler* v. *Mansfield Journal* (1980), 64 Ohio St. 2d 116, 119, the Supreme Court of Ohio defined actual malice as follows:

"This concept of actual malice has been further refined by subsequent decisions of the United States Supreme Court. Actual malice may not be inferred from evidence of personal spite, ill-will or intention to injure on the part of the writer. *Beckley Newspapers Corp.* v. *Hanks* (1967), 389 U.S. 81, 82; *Rosenblatt* v. *Baer* (1966), 383 U.S. 75, 84. Rather, the focus of inquiry is on defendant's attitude toward the truth or falsity of the publication, *Herbert* v. *Lando* (1979), 441 U.S. 153, 160; and a public official may recover only upon clear and convincing proof of actual malice. *Gertz* v. *Robert Welch, Inc.* (1974), 418 U.S. 323, 342; *New York Times, supra,* at pages 285-286. There must be a showing that false statements were made with a 'high degree of awareness of their probable falsity ***.' *Garrison* v. *Louisiana* (1964), 379 U.S. 64, 74.

"Since reckless disregard is not measured by lack of reasonable belief or of ordinary care, even evidence of negligence in failing to investigage the facts is insufficient to establish actual malice. Rather, since 'erroneous statement is inevitable in free debate, and *** must be protected if the freedoms of expression are to have the 'breathing space' that they 'need ... to survice,' ***' *(New York Times, supra,* at pages 271-72), '(t)here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.' *St. Amant* v. *Thompson* (1968), 390 U.S. 727, 731."

Furthermore, the complaining party must do so by clear and convincing evidence. *Lansdowne* v. *Beacon Journal Publishing Co.* (1987), 32 Ohio St. 3d 176.

In this case, Slanco failed to present evidence which would support a finding that the Vindicator had serious doubt as to the truth of the publication. In actuality, it simply may have been an "erroneous statement" which was

afforded protection in *New York Times*. The evidence presented by the Vindicator supports such a finding. The evidence indicates that the reporter dictated one version of the story. Then, the editor simply misconstrued facts in confusing one cause with another. Such is a showimg of negligence rather than a showimg to constitute actual malice. Slanco failed to prove "actual malice" which would permit a finding against the Vindicator.

In the sixth cross-assignment of error, the Vindicator argues that the trial court erred in excluding testimony and evidence concerning prior civil and criminal proceedings against Slanco.

Initially, the decision to admit evidence rests within the sound discretion of the court. Therefore, absent a showing of abuse, the decision of the trial court will be upheld.

Evid. R. 401 and 402 provide admission of relevant evidence or "evidence having a tendency to make the existence of any fact *** more probable or less probable than it would without the evidence." Evid. R. 403 provides for the exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, or confusion of the issues, or of misleading the jury."

In this case *sub judice*, we cannot say the trial court abused its discretion in excluding evidence of prior civil and criminal proceedings against Slanco as the danger of prejudice outweighed its probative value. Additionally, the Vindicator could have demonstrated the editor's state of mind through the editor's testimony, which in fact, was accomplished. The sixth assignment of error is overruled.

Based upon this court's finding as to the Vindicator's cross-appeal, the decision of the trial court is reversed. This case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

MAHONEY, P.J.,
ECONOMUS, J.,
Mahoning County Court of
Common Pleas, sitting by
assignment, Concur.