HUDOCK, Judge:
 

 In these consolidated appeals, the trial court granted judgment notwithstanding the verdict (j.n.o.v.) in favor of Appellees John Manna (Manna) and The New Castle News Company, a/k/a New Castle News (New Castle News) in a defamation action. We affirm.
 

 The instant action was instituted as a result of a newspaper headline and article published in the New Castle News on June 10, 1987. Earlier that year, Appellant Mary Ann Reiter was a candidate in a primary election for the office of district justice in Lawrence County, Pennsylvania, and Patricia Allen (Allen) was one of her opponents. Allegedly, on two occasions, Allen’s campaign signs had been placed on property owned by Albert V. Papa, now deceased, and on each occasion the signs were removed, once by Papa and once by Appellant Robert Reiter. Allen responded by contacting the Lawrence County District Attorney’s office, which refused to take legal action. As a result, Allen petitioned the court for a hearing to determine whether the District Attorney should institute the appropriate criminal action. On May 5, 1987, Appellee New Castle News reported that the court had scheduled a hearing
 
 *194
 
 date to address Allen’s petition. At the conclusion of the hearing, held June 9, 1987, the court determined that the District Attorney did not abuse his discretion because the complaint was essentially a civil matter. The next day, Appellee New Castle News printed the following headline and article:
 

 JUDGE: SIGN THEFT IS A CIVIL COMPLAINT
 

 Judge George P. Kiester ruled yesterday that District Attorney William M. Panella acted properly in disallowing the filing of a criminal complaint involving the alleged theft of campaign signs.
 

 Patricia Allen, a candidate in the primary election for district justice, petitioned the court in May after the district attorney rejected her filing of a criminal complaint. She contended that Alfred Papa and Mary Ann and Robert Reiter had removed her campaign signs from a Shenango Township property. Mrs. Reiter was also a candidate for district justice in the May 19 primary.
 

 Kiester, a senior judge from Butler County, held a hearing yesterday in the Lawrence County Court of Common Pleas. Following the session, he issued two orders, one for Papa and the other for Mary Ann and Robert Reiter.
 

 The orders state that Kiester finds that “there has been no abuse of discretion by William M. Panella in disapproving the filing of a criminal application on the application of Patricia Allen.”
 

 Judge Kiester also said that Allen’s complaint “was civil in nature, rather than criminal.”
 

 He also ordered that the cases as captioned, “Commonwealth of Pennsylvania vs. Alfred Papa and Mary Ann and Robert Reiter” be stricken.
 

 Mrs. Reiter won the Democratic nomination for district justice and will face David Rishel, the Republican nominee, in the November election.
 

 While Appellee John Manna authored the article, in accordance with customary practice, another newspaper employee, Walter T. Kolodziej, drafted the headline.
 

 
 *195
 
 On June 11, 1987, following a conversation between Papa, Appellee Manna and two other employees of Appellee New Castle News, Appellee New Castle News published the following correction article which appeared on page 1 and which was continued on page 3:
 

 HEADLINE WAS INCORRECT
 

 A headline on page 1 of yesterday’s New Castle News which read “Judge: Sign theft is a civil complaint” was incorrect.
 

 The word “theft” should not have appeared in the headline. It should have read “Judge: Sign case is a civil complaint.”
 

 The hearing dealt only with whether the court should approve the filing of a private criminal complaint and not with whether any signs were removed.
 

 Senior Judge George P. Kiester of Butler County issued two orders after the hearing. The two orders contain the same wording with one exception. The only difference is that one concerns Alfred Papa and the other Mary Ann and Robert Reiter. [The] [fallowing is Judge Kiester’s order:
 

 “After hearing, the court finds that there has been no abuse of discretion by (district attorney) William M. Panella in disapproving the filing of a criminal application on the application of Patricia Allen. Upon examination of the [to page 3] record, the court concludes that the complaint of Patricia Allen was civil in nature, rather than criminal. [”]
 

 “It is the order of the court that the case as captioned, Commonwealth of Pennsylvania versus Alfred Papa, be stricken and that the matter be recaptioned, In Re: Application of Patricia Allen.”
 

 Len Kolasinski, executive editor of the New Castle News, said today, “We apologize to attorney Papa and Robert Reiter and Mary Ann Reiter for any misinterpretation by the public which the headline may have caused.”
 

 Appellants then filed this action seeking both compensatory and punitive damages. In answer to special interrogatories, the jury found, among other things, that the article in question
 
 *196
 
 was defamatory as to each Appellant, that Appellees Manna and New Castle News were negligent, and that they acted intentionally or with a reckless disregard for the truth or falsity of the publication. Thereafter, the jury awarded compensatory damages and punitive damages to Appellant Mary Ann Reiter in the aggregate amount of $250,000, and the remaining Appellants each received $60,000 in punitive damages. Appellees then moved for j.n.o.v., asserting, among other things, that the evidence presented by Appellants did not support the jury’s finding that actual malice was proven by clear and convincing evidence. The trial court granted the motion on this basis. This appeal followed, in which the sole issue raised is whether the court abused its discretion in granting j.n.o.v.
 

 Our standard of review is well-settled:
 

 In reviewing a motion for judgment n.o.v., “the evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor.”
 
 Broxie v. Household, Finance Company,
 
 472 Pa. 373, 380, 372 A.2d 741, 745 (1977).
 
 See also Metts v. Griglak,
 
 438 Pa. 392, 264 A.2d 684 (1970) and
 
 Gonzalez v. United States Steel Corp.,
 
 484 Pa. 277, 398 A.2d 1378 (1979). Moreover [a] judgment n.o.v. should only be entered in a clear case and any doubts must be resolved in favor of the verdict winner.
 
 See Atkins v. Urban Redevelopment Authority of Pittsburgh,
 
 489 Pa. 344, 414 A.2d 100 (1980) and
 
 Stewart v. Chernicky,
 
 439 Pa. 43, 266 A.2d 259 (1970).
 

 McDermott v. Biddle,
 
 436 Pa.Super. 94, 104, 647 A.2d 514, 519 (1994)
 
 (quoting Moure v. Raeuchle,
 
 529 Pa. 394, 402, 604 A.2d 1003, 1007 (1992).
 

 With regard to proof of actual malice, this Court has stated:
 

 “The burden of proving ‘actual malice’ requires the plaintiff to demonstrate with clear and convincing evidence that the defendant realized that his statement was false or that he subjectively entertained serious doubt as to the truth of his statement.”
 
 Bose Corp. v. Consumers Union of United
 
 
 *197
 

 States, Inc.,
 
 [466 U.S. 485, 511, n. 30, 104 S.Ct. 1949, 1965 n. 30, 80 L.Ed.2d 502 (1985) ].
 

 Reckless disregard for the truth, i.e. “actual malice”, “ ‘is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice.’ ”
 
 Frisk v. The News Company,
 
 361 Pa.Super. 536, 543, 523 A.2d 347, 350 (1986),
 
 allo[c]. denied,
 
 515 Pa. 614, 530 A.2d 867 (1987), quoting
 
 St. Amant v. Thompson,
 
 [390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968)]....
 

 “Mere negligence or carelessness is
 
 not
 
 evidence of actual malice”.
 
 Curran v. Philadelphia Newspapers, Inc.,
 
 376 Pa.Super. 508, 519, 546 A.2d 639, 645 (1988) (emphasis added). “A defendant’s failure to verify his facts may constitute negligence, but does not rise to the level of actual malice.
 
 McDowell v. Paiewonsky,
 
 769 F.2d 942, 951 (3rd Cir.1985). That is, while it arguably may be negligent not to check independently the veracity of information before publication, this fault does not rise to the level of actual malice.”
 
 Smith v. A Pocono Country Place Property Owners Association, Inc.,
 
 [686 F.Supp. 1053, 1061 (1987) ]....
 

 Oweida v. Tribune-Review Publishing Company,
 
 410 Pa.Super. 112, 135-36, 599 A.2d 230, 242-43 (1991),
 
 alloc. den.,
 
 529 Pa. 670, 605 A.2d 334 (1992). Moreover, in a defamation action, “[t]he sufficiency of the evidence to support a jury’s finding of actual malice is a question of law.”
 
 Fitzpatrick v. Philadelphia Newspapers, Inc.,
 
 389 Pa.Super. 438, 443, 567 A.2d 684, 687 (1989),
 
 alloc. den.,
 
 525 Pa. 618, 577 A.2d 890 (1990)
 
 (citing Harte-Hanks Communications, Inc. v. Connaughton,
 
 [491 U.S. 657, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989)). Thus, this Court “ ‘is to make an independent examination of the evidence adduced to determine if it was constitutionally sufficient to warrant a finding by the jury of actual malice, ...’”
 
 Curran v. Philadelphia Newspapers, Inc.,
 
 376
 
 *198
 
 Pa.Super. 508, 516, 546 A.2d 639, 643-44 (1988),
 
 alloc. den.,
 
 522 Pa. 576, 559 A.2d 37 (1989)
 
 (quoting Sprague v. Walter,
 
 357 Pa.Super. 570, 589-90, 516 A.2d 706, 716-17 (1986)). This Court has recently clarified this task:
 

 Thus, the reviewing court is called upon to review all the relevant evidence, and must evaluate the findings of underlying fact that led the jury to the ultimate conclusion that the defendant acted with actual malice. In reviewing findings of underlying fact, the reviewing court does not exercise its own independent judgment.... Rather, as. the Court had previously stated in
 
 Bose Corp. v. Consumers Union of United States, Inc.,
 
 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984), the reviewing court must ascertain whether the jury’s conclusion is “clearly erroneous” and may only so conclude “when although there is evidence to support it, the reviewing court,
 
 on the entire evidence
 
 is left with the definite and firm conviction that a mistake has been committed.”
 
 Id.
 
 at 500 [104 S.Ct. at 1959] (emphasis in original).
 
 See also [Curran v. Philadelphia Newspapers,
 
 376 Pa.Super. 508, 520, 546 A.2d 639, 646 (1988) ].
 

 McDermott, supra,
 
 436 Pa.Super. at 109, 647 A.2d at 521-522.
 

 Appellants argue that the trial court abused its discretion in granting j.n.o.v. because they proved actual malice by producing evidence that: 1) showed that the journalism of the several Appellees was grossly inadequate; 2) the several Appellees pursued a sensationalistic approach to the story; and 3) the several Appellees entertained serious doubts as to the truth of their statements prior to publication of the article in question. Finding no merit to these claims, we affirm the order of the court granting j.n.o.v. in favor of the several Appellees.
 

 The parties do not dispute that Appellant Mary Ann Reiter was a public figure such that she was required to prove by clear and convincing evidence that Appellees acted with actual malice. With regard to the remaining Appellants, we note that a private figure plaintiff cannot recover punitive damages unless he or she demonstrates actual malice by clear
 
 *199
 
 and convincing evidence.
 
 Oweida, supra.
 
 Moreover, we note that in determining whether there was clear and convincing evidence of actual malice, the statements must be read in context.
 
 See generally, Baker v. Lafayette College,
 
 516 Pa. 291, 532 A.2d 399 (1987). Thus, in the present case, the headline and article must be read together.
 

 As noted above, in order to prove malice, a plaintiff must demonstrate by clear and convincing evidence that the defendants realized that a statement was false or possessed a reckless disregard for the truth, i.e., entertained serious doubts as to the truth of the statement but nonetheless published the statement.
 
 Oweida, supra.
 
 In arguing that they established a reckless indifference to the accuracy of the article in question, Appellants cite to the deposition of Appellee John Manna wherein he admitted that he failed to attend the hearing upon which the article was based, that he obtained a copy of the court order sometime after the hearing, that he had no recollection of reading the order before writing the article, that he knew that the judge had ruled in favor of Appellants and that the judge had ruled there was no crime, and acknowledged that he used the words “alleged theft” in quoting a document that contained no reference whatsoever to those words. As additional support for this assertion, Appellants cite the deposition testimony of Walter T. Kolodziej, the copy editor who wrote the headline, wherein he stated that he made no effort to verify the report with its author and conducted no inquiry whatsoever regarding the story prior to printing it. Moreover, assert Appellants, Mr. Kolodziej testified that he did not think it necessary to read the order of court prior to the publication of the article’s headline.
 
 [1]
 
 Given these admissions, Appellants conclude that they established that the reporting at issue represented a complete lack of journalistic integrity. Thus, Appellants claim that, “ ‘highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily ad
 
 *200
 
 hered to by responsible publishers,
 
 ... is evidence
 
 of recklessness amounting to actual malice.’ ” Appellants’ Brief at p. 10, citing
 
 Curtis Publishing v. Butts,
 
 388 U.S. 130, 157-58, 87 S.Ct. 1975, 1992-93, 18 L.Ed.2d 1094 (1967) (emphasis added).
 

 In
 
 Curtis,
 
 the petitioner, well-known in the coaching ranks, sued the defendant newspaper over an article that it published accusing him of fixing a college football game. In his plurality opinion, Justice Harlan suggested that when the case involves a public figure rather than a public official, the public figure need only make a showing as quoted by Appellant above. However, the United States Supreme Court later stated:
 

 This proposed standard, however, was emphatically rejected by a majority of the Court in favor of the stricter New York Times actual malice rule.
 
 See
 
 [Curtis,] 388 U.S., at 162 [87 S.Ct. at 1995] (opinion of Warren, C. J.); id., at 170 [87 S.Ct. at 1999] (Black, J., dissenting); id., at 172 [87 S.Ct. at 2000] (Brennan, J., dissenting). . Moreover, just four years later, Justice Harlan acquiesced in application of the actual malice standard in public figure cases, see
 
 Rosenbloom v. Metromedia, Inc.,
 
 403 U.S. 29, 69-70 [91 S.Ct. 1811, 1832-33, 29 L.Ed.2d 296] (1971) (dissenting opinion), and by the time of the Court’s decision in
 
 Gertz v. Robert Welch, Inc.,
 
 418 U.S. 323 [94 S.Ct. 2997, 41 L.Ed.2d 789] (1974), the Court was apparently unanimously of this view. Today, there is no question that public figure libel cases are controlled by the
 
 New York Times
 
 standard and not by the professional standards rule, which never commanded a majority of this Court.
 

 It also is worth emphasizing that the actual malice standard is not satisfied merely through a showing of ill will or “malice” in the ordinary sense of the term.
 
 See Beckley Newspapers Corp. v. Hanks,
 
 389 U.S. 81 [88 S.Ct. 197, 19 L.Ed.2d 248] (1967) (per curiam);
 
 Henry v. Collins,
 
 380 U.S. 356 [85 S.Ct. 992, 13 L.Ed.2d 892] (1965) (per curiam). Indeed, just last Term we unanimously held that a public figure “may not recover for the tort of intentional infliction of emotional distress ... without showing ... that the publication contains a false statement of fact which was
 
 *201
 
 made ... with knowledge that the statement was false or with reckless disregard as to whether or not it was true.”
 
 Hustler Magazine, Inc. v. Falwell,
 
 485 U.S. 46, 56 [108 S.Ct. 876, 882, 99 L.Ed.2d 41] (1988). Nor can the fact that the defendant published the defamatory material in order to increase its profits suffice to prove actual malice. The allegedly defamatory statements at issue in the
 
 New York Times
 
 case were themselves published as part of a paid advertisement.
 
 [New York Times Co. v. Sullivan
 
 ], 376 U.S. [254], at 265-266 [84 S.Ct. 710, at 718-719, 11 L.Ed.2d 686 (1964) ]. If a profit motive could somehow strip communications of the otherwise available constitutional protection, our cases from
 
 New York Times
 
 to
 
 Hustler Magazine
 
 would be little more than empty vessels. Actual malice, instead, requires at a minimum that the statements were made with a reckless disregard for the truth. And although the concept of “reckless disregard” “cannot be fully encompassed in one infallible definition,”
 
 St. Amant v. Thompson,
 
 390 U.S. 727, 730 [88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968), we have made clear that the defendant must have made the false publication with a “high degree of awareness of ... probable falsity,”
 
 Garrison v. Louisiana,
 
 379 U.S. 64, 74 [85 S.Ct. 209, 216, 13 L.Ed.2d 125] (1964), or must have “entertained serious doubts as to the truth of his publication,”
 
 St. Amant, supra,
 
 [390 U.S.] at 731 [88 S.Ct. at 1325],
 

 Harte-Hanks Communications, Inc. v. Connaughton,
 
 491 U.S. 657, 666-67, 109 S.Ct. 2678, 2685-86, 105 L.Ed.2d 562 (footnote omitted).
 

 Upon our constitutionally mandated independent review of the record, we conclude that Appellants did not present clear and convincing evidence of actual malice. In so concluding, we adopt the following rationale of the trial court:
 

 It is uncontroverted that the June 9, 1987, hearing was not conducted for the purpose of determining the substance of the allegations made by Allen. Rather, its purpose was narrowly confined;
 
 viz,
 
 was the Allen complaint civil or criminal in nature, leaving unresolved the ultimate issue regarding the complaint. Since there was no adjudication
 
 *202
 
 at that juncture of the proceeding regarding Allen’s allegations of theft, the [several Appellees] cannot be legally-charged -with a mind set which demonstrates in any legally recognizable fashion that they actually knew that a theft had not occurred yet proceeded to publish a story which" related that [Appellants] had indeed pilfered the campaign signs. To conclude that a reading of both the headline and story in context together state that [Appellants] committed a crime at a time when the [several Appellees] only knew that [Appellants’] conduct would be addressed by civil law standards places a rigid construction on the publication----
 

 Nor is the evidence sufficient here, when measured by a clear and convincing standard, to establish that the [several Appellees] entertained serious doubts regarding the truth of the publication. At the most, the headline standing alone contained an erroneous statement and represented an inaccurate description of the story regarding the hearing before Judge Kiester and was not the product of a calculated or deliberate falsehood.
 

 An examination of the record here clearly reveals that the conduct of the [several Appellees] rises only to the level of negligence, carelessness, or bad judgment which, when measured by the standards addressed in this Opinion, is patently insufficient to prove the recklessness needed to support the conclusion that the [several Appellees] entertained serious doubts regarding the truth of the publication.
 

 Trial Court Opinion, 12/10/93, at pp. 10-11, 1993 WL 643376. As noted above, mere negligence or carelessness in failing to verify facts prior to publishing is not evidence of actual malice.
 
 Oweida, supra.
 
 Our review of the record reveals this is the most that occurred in this case.
 
 [2]
 
 The article in question
 
 *203
 
 merely reported the events which occurred at a judicial proceeding. While the headline did read “sign theft”, it cannot be found to be evidence of actual malice when read in conjunction with the accompanying article. Thus, j.n.o.v. was properly granted.
 

 Order affirmed.
 

 [1]
 

 . Appellee Manna testified at trial and was cross-examined as to his earlier deposition testimony. Kolodziej was not called to testify by any party, but his deposition was read into evidence by Appellants' counsel.
 

 [2]
 

 . We also find meritless Appellants' argument that they established actual malice by proving that Appellees Manna and New Castle News pursued a sensationalistic policy. This claim finds little support in the evidence of record. The sole instance relied upon by Appellants is found in the deposition testimony of Mr. Kolodziej, wherein he stated to Appellants' counsel: “You as an attorney and I as a journalist know that the word ‘alleged’ does not save anybody from anything.” Deposition of Walter Timothy Kolodziej, 11/22/89, at pp. 9-10. We cannot agree with Appellants that this isolated statement clearly and convine
 
 *203
 
 ingly proves that Appellees Manna and New Castle News "deliberately adopted a single-minded, exploitative approach [to] its publication.” Appellants’ Brief at p. 11. Moreover, as noted above, a claim that an article was published in a desire to increase circulation of the newspaper does not establish actual malice.
 
 Harte-Hanks, supra.