DRYE *v.* MANSFIELD JOURNAL CORPORATION.

[Cite as Drye v. Mansfield Journal Corporation (1972), 32 Ohio Misc. 70.]

(No. 44356—Decided June 8, 1972.)

Common Pleas Court of Richland County.

*Mr. Albert R. Gamble* and *Mr. Jay B. White*, for plaintiff.

*Messrs. Wickens & Herzer*, for defendant.

MAYER, J. This matter came on to be heard on the motion of defendant for a reconsideration of its prior motion for summary judgment.

Defendant renews its prior motion for summary judgment and moves for a dismissal as aforesaid. This motion is made on the grounds that there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law as shown by the pleadings; the affidavit of Gaylord Hake heretofore filed in connection with the said motion for summary judgment, and the deposition of Allen Honigberg, filed herein and offered in evidence for the purpose of the consideration of this motion.

The complaint filed herein by plaintiff asks both compensatory and exemplary damages for alleged libel by an article published January 20, 1968, in The News Journal, as follows:

*"BOARD CITES TAVERN OWNER*

"One Mansfield case on the hearing docket of the Ohio Liquor Commission January 24 in Columbus.

"Doris Drye, of the Sixth Street Lunch, 98 East Sixth Street is scheduled to appear on charges of improper conduct, solicitation for prostitution and prostitution."

By way of answer defendant admits the publication of said article; that at said time plaintiff held a liquor permit from the Ohio Department of Liquor Control; that the publication was believed at said time to be true, was made without actual malice and without any knowledge of its falsity and without any reckless disregard of the truth, and was privileged under the Constitution of the United States; and that the article was a fair and impartial report of a certain bulletin issued by the Ohio Department of Liquor Control to defendant under date of January 19, 1968, entitled "News Copy" wherein it was stated there would be a commission hearing on January 24, 1968, before the Liquor Control Commission, Docket 3446, in the following case:

"23-68
Doris Drye
dba East 6th Street Lunch
98 E. Sixth Street
Richland County
Mansfield, Ohio   D-2-   2318945   10/1/67
Charged with improper conduct—Solicitation for prostitution/prostitution"

Further by way of defense it is alleged that on Janu-

ary 23, 1968, defendant published the following article in a conspicuous place in its said newspaper:

## "MORALS CASE CLARIFIED

"Doris Drye, permit holder at the East Sixth St. Lunch, 98 East Sixth St., will appear before the Ohio Liquor Control Commission on Wednesday.

"The charge in part reads, 'you through your agent, Emma Jean Phillips, did permit improper conduct, solicitation for prostitution and prostitution' on the permit premises.

"An earlier story in The News Journal did not report the violation was through the agent, Miss Phillips. No mention of the agent was made in the news release from the Ohio Department of Liquor Control."

This motion for summary judgment was filed under Civil Rule 56, providing in part that, upon hearing, such is to be rendered upon the evidence and stipulations, and from such evidence the facts must be conclusive so that reasonable minds can come to but one conclusion. Under (E) the adverse party can't rest upon the mere allegations or denials of her pleadings, but her response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If one does not respond, summary judgment should be entered, if appropriate.

It is urged there are two cogent reasons why the summary judgment should be granted and the complaint dismissed, that each is completely separate and independent of the other. (1) The publication is privileged under the Constitution of the United States, and (2) privileged under R. C. 2317.04.

This court will discuss at some length whether there appears a privilege under the Constitution of the United States. First, let me say at this point that the Ohio statute, *supra*, provides that the publication of a fair and impartial report of the proceedings before state boards or officers shall be privileged unless it is proved that such publication was made maliciously. The deposition of Allen Honigberg filed in this cause confirms that the Ohio

Department of Liquor Control issued the news bulletin upon which defendant relied.

Let us inquire as to the standards for libel as announced by the United States Supreme Court. In the instant case the plaintiff has submitted no evidence by affidavit or otherwise to counter the affidavit of defendant that publication was made neither with knowledge of its falsity nor in reckless disregard of the truth. Since the *New York Times* case, 376 U. S. 254, those have been the essential elements of actionable libel. It is said in the opinion of that case that exposure of the self to others in varying degrees is a concomitant of life in a civilized community, and that the risk of exposure is an essential incident where primary value on freedom of speech and of the press is placed. The court states that certain guarantees are not for the benefit of the press so much as for the benefit of all of us. The *Times* case cited, *supra*, was concerned with a public official. Ohio courts have followed the reasoning as it developed in the United States Supreme Court decisions. This is noted in a 1965 opinion, *Driscoll* v. *Block*, 3 Ohio App. 2d 351, wherein it is held in the first instance that such an action cannot be maintained unless the article was published with actual malice, that is, with knowledge of its falsity or with a reckless disregard of whether or not the facts upon which the publication was based were true or false.

Federal courts have at times quoted the logical statement of James Madison, "some degree of abuse is inseparable from the proper use of every thing; and in no instance is this more true than in that of the press."

The rule was further expanded in *Garrison* v. *Louisiana*, 379 U. S. at 77. Also, see the *Rosenblatt* case, 383 U. S. 75. Public interest was becoming the polar star in the reasoning of this expanding line of cases limiting libel actions. Certain principles seemed certain to follow. In *Time, Inc.*, v. *Hill*, 385 U. S. 374, a public official or public figure was not involved. It could be with a degree of certainty predicted that the holding in *Time, Inc.*, v. *Hill*, *supra*, would in time arrive. The publication complained of in

this case was an account of a play alleged to be a reenactment of events in the Hill home. Even if false, the Supreme Court found, it was newsworthy and protected as a free expression in the absence of proof the publisher knew of falsity or acted in reckless disregard of the truth. Along the line of pursuit, see, also, *Associated Press* v. *Walker,* 388 U. S. 130; *Curtis Publishing Co.* v. *Butts,* 388 U. S. 130.

Counsel for plaintiff Doris Drye places strong reliance upon the argument of failure to make prior investigation before publication. It was the holding of the court in *Beckley Newspaper* v. *Hanks,* 389 U. S. 81, that a failure to make a prior investigation does not constitute proof sufficient to present a jury question whether the statements were published with reckless disregard of whether they were false or not. In the opinion with reference to what is demanded, it is stated, "a high degree of awareness of probable falsity." Also, see reasoning and holding in *Garrison* v. *Louisiana,* 379 U. S. 64.

It is stated in *St. Amant* v. *Thompson,* 390 U. S. 727, that there must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Applying this requirement to the instant case, no such evidence is before this court and, therefore, it must logically follow there could be no justifiable issue concerning such matter.

In *Suchomel* v. *Suburban Life Newspapers,* 240 N. E. 2d 1 (an Illinois case) the court held that repetition of adverbs and adjectives are not substitutes for essential factual allegations.

The United States Supreme Court in *Rosenbloom* v. *Metromedia, Inc.* (1971), 29 L. Ed. 2d 296, extended the scope of *New York Times* v. *Sullivan* to include comment on private persons in matters of public interest but did not change the standard of care known as the New York Times standard.

To recover, a plaintiff would have to prove publication was made with knowledge of falsity or with reckless disregard of whether they were false or not. And, on proper challenge such as summary judgment, plaintiff is

required to show there was sufficient probative substance to be able litigably to give rise to an issue of fact on whether such malice actually existed or not. When it has been established, as in this case, that plaintiff cannot meet the burden, the First Amendment makes it incumbent upon the court to grant defendant's motion for summary judgment. *Cerrito* v. *Time, Inc.*, 302 F. Supp. 1071. Plaintiff's evidence just does not meet the present day tests. Failure of a publisher to check a report, especially the report heretofore mentioned and issued in bulletin of the Ohio Department of Liquor Control, does not per se constitute "recklessness." *Grove* v. *Dun & Bradstreet, Inc.*, 438 F. 2d 433.

It is stated in *St. Amant* v. *Thompson, supra*, at 730, that reckless disregard cannot be fully encompassed in one infallible definition. That inevitably its outer limits will be marked out through case-by-case adjudication, as is true with so many legal standards for judging concrete cases, whether the standard is provided by the Constitution, statutes, or case law. In the *Curtis Publishing Company* case, 388 U. S. 130, Mr. Justice Harlan's opinion makes it clear that reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. "There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice," so stated Mr. Justice Harlan at page 153.

The affidavit of Gaylord Hake establishes that the publication was taken from an official release from the Ohio Department of Liquor Control submitted to defendant for purposes of publication, affiant asserting therein the publication was in good faith and believed true and not published with any knowledge of its falsity or in any reckless disregard of the truth. And he considered the matters set forth to be of general public interest in the Mansfield area. Plaintiff filed an affidavit in response stating in substance that defendant did not inquire of her concerning the

truth of the charges prior to publication. Also for consideration, this court now has the deposition of Allen Honigberg of the Ohio Department of Liquor Control, which confirms the issuance of the news bulletin and that the newspaper article was precisely in the language set forth by the state of Ohio in its official release. This court finds nothing before it to indicate defendant doubted the truth of the publication, that it was known to be false, or that defendant acted in any willful disregard of whether it was true or false.

Applying the standards for libel as announced by the United States Supreme Court, the motion for summary judgment should be, and hereby is, granted and decided in favor of defendant. This court finds no malice or reckless disregard after careful consideration, and must reach its conclusion by applying the standards established by the United States Supreme Court in its interpretation of the United States Constitution. The evidence, construed most favorably for plaintiff, fails to show that a cause of action exists for plaintiff against defendant.

Concededly the reckless disregard standard, as now in force, may permit recovery in fewer situations than would a rule that publishers must satisfy the standard of the reasonable man or the prudent publisher. Some may say the present rule puts a premium on ignorance, encourages an irresponsible publisher not to inquire, and permits the issue to be determined by defendant's testimony that he published the statement in good faith and unaware of its probable falsity. Every standard or rule that would be devised would have a weakness. Considering the benefit and welfare of the public, the present rule as established by various court decisions carries the greater logic for its existence. Reference is again made to *St. Amant* v. *Thompson, supra.*

For the reasons stated herein and on the basis of the reasoning in our 5th District Court of Appeals Case No. 1063, in and for Tuscarawas County, filed March 20, 1972, the within cause is hereby dismissed with costs to be taxed the plaintiff.

*Summary judgment motion granted.*