### Litteral v.
### Ohio Newspaper Association
*[Cite as 6 AOA 314]*

*Case No. 89AP-1409*
*Franklin County, (10th)*
*Decided August 30, 1990*

*Ric Daniell, for Appellant.*

*Roger F. Carroll and Jean M. Frazier, Baker & Hostetler, for Appellees.*

HENDRICKSON, J.

Plaintiff appeals a summary judgment rendered by the Franklin County Court of Common Pleas in favor of defendants. The summary judgment dismissed plaintiff's complaint for various claims regarding the termination of plaintiff's employment relationship with defendant Ohio Newspaper Association.

Plaintiff, Irene Litteral, was hired in March, 1984 as a manager by Ohio Newspaper Services, Inc., ("ONS") a for profit division of the non-profit defendant Ohio Newspaper Association ("ONA") Defendant Kenneth L. Drum was the executive director of ONA and functioned as plaintiff's supervisor.

In February 1988, plaintiff encountered difficulties with a subordinate, which difficulties ultimately resulted in a memorandum on March 1, 1988, from defendant Drum to plaintiff and the other employee concerning their conduct in the office. When plaintiff responded on March 3, 1988, with a letter to defendant Drum's superiors regarding his handling of the situation, defendant Drum terminated plaintiff's employment relationship with ONA by letter dated March 9, 1988 and effective March 31, 1988.

Plaintiff then commenced the instant cause on April 19, 1988, setting forth, in three counts, various claims for relief for personal injuries, defamation, breach of employment contract, and intentional interference with employment relations. Plaintiff sought both compensatory and punitive damages. Following defendants' answer, defendants moved for summary judgment in their favor pursuant to Civ. R. 56(B) as to all claims. Specifically, defendants sought summary judgment on plaintiff's personal injury claims based upon the bar of the Workers' Compensation Act, that her defamation claim failed to surmount an employer's privilege to communicate internally with respect to plaintiff's employment conduct, and that her claims for breach of employment contract and promissory estoppel were barred by the employment-at-will doctrine. Following plaintiff's response and defendants' reply, the trial court entered summary judgment on all of plaintiff's claims for relief on November 7, 1989.

Plaintiff now appeals and sets forth the following four assignments of error:

"1. The court of common pleas erred in granting defendants' motion for summary judgment on the issue of plaintiff's personal injury claims.

"2. The court of common pleas erred in granting defendants' motion for summary judgment on the issue of defamation.

"3. The court of common pleas erred in granting defendants' motion for summary judgment as to the issue of an expressed or implied contract of employment.

"4. The court of common pleas erred in granting defendants' motion for summary judgment as to the issue of promissory estoppel."

Under her first assignment of error, plaintiff contends that the trial court erred in granting defendants' motion for summary judgment on her personal injury claims. Specifically, plaintiff contends that her complaint set forth facts which, if true, demonstrate defendants were guilty of intentionally tortious conduct in terminating her while hospitalized as a result of job-related stress. It is plaintiff's position that defendants knew, when they terminated her under these circumstances, that the termination would cause her physical damage. Accordingly, plaintiff contends this aspect of her suit should survive a Civ. R. 56 motion.

A review of plaintiff's pleadings, pursuant to the provisions of Civ. R. 56(C), reveals that she did not allege any facts which indicate the requisite level of tortious intent as required by R.C. 4121.80(G). See *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, syllabus. More particularly, plaintiff's first cause of action, which was styled "Defamation," alleged only that on March 9, 1988, defendant Drum knowingly published false accusations concerning plaintiff's discharge and in so publishing, with actual malice, caused plaintiff to suffer physical injuries. There is no allegation of any facts which would reveal defendants' knowledge of particular circumstances making plaintiff's termination any more "stressful" than that of any other employee who is terminated. Compare *Ryan v. Connor* (1986), 28 Ohio St. 3d 406, paragraph two of the syllabus.

Moreover, plaintiff raised the intentional tort theory only in response to defendants' Civ. R. 56 motion. Specifically, plaintiff claimed that the alleged defamatory letters were the proximate cause of plaintiff's emotional and physical injury. Even conceding that plaintiff was entitled to raise the issue without requesting leave to amend her complaint, the letters do not support even an inference that defendants were aware that the letters would result in any injury which would constitute an intentional tort. Since defendants alleged, as a ground for summary judg-

ment, plaintiff's failure to plead sufficient facts to support a claim of intentional tort as defined in R.C. 4121.80, the trial court did not abuse its discretion in granting summary judgment in favor of defendants on this issue. Accordingly, plaintiff's first assignment of error is overruled.

Under plaintiff's second assignment of error, she contends that the trial court erroneously granted summary judgment in favor of defendants on plaintiff's claim for defamation. Specifically, plaintiff argues that, although defendants' statements are subject to a qualified privilege granted to good-faith communications between an employer and an employee, the evidence in the record creates a genuine issue of fact as to whether defendants' statements regarding plaintiff were made with actual malice.

Under Ohio law governing suits for defamation between private figures, communications between corporate officers and employees concerning another employee's job performance are privileged absent actual malice. *Evely v. Carlon Co.* (1983), 4 Ohio St. 3d 163, 165. Actual malice in this context means the communication is made with actual knowledge that the statements are false or with reckless disregard for the false nature of the communication. *Hahn v. Kotten* (1975), 43 Ohio St. 2d 237, paragraph two of the syllabus. In the context of Civ. R. 56, once the moving party demonstrates a good-faith basis for the communication, it is incumbent upon the non-moving party to produce evidence creating an issue of fact as to actual malice. *Evely, supra,* at 166.

Here, defendant Drum supplied an affidavit regarding the March 1, 9 and 28, 1988 letters identified by plaintiff as defamatory. Defendant Drum stated that the statements in those letters were made in good faith and based upon specific facts. Those letters and plaintiff's March 3 and 4, 1988 letters to defendants, provide factual support for this affidavit. As such, defendants' affidavit and evidentiary materials in support of the motion for summary judgment were sufficient, under Ohio law, to require plaintiff to come forward with specific evidence demonstrating a genuine issue as to material facts. Cf. *State, ex rel. Corrigan, v. Seminatore* (1981), 66 Ohio St. 2d 459. See, also, *Drye v. Mansfield Journal Corp.* (1972), 32 Ohio Misc. 70.

In responding to defendants' motion for summary judgment on the claim for defamation, plaintiff relied solely upon the letters which she claimed constituted the defamatory conduct and her deposition testimony which denied the truth

of the various statements contained in those letters. However, plaintiff pointed to no evidence in the record, nor did she produce evidence, which controverted the statement of defendant Drum in his affidavit that all statements made in the various letters to plaintiff were true *to the best of his knowledge*. There is no evidence in the record creating any issue of fact as to defendant Drum's *knowledge* that the statements were false or of his *reckless disregard* for the truth of such statements. Rather, the evidence in the record supports only the inference that defendant Drum's statements were made upon a factual basis. Accordingly, summary judgment was properly granted in defendants' favor on plaintiff's claim for defamation. The second assignment of error is overruled.

Under her remaining assignments of error, plaintiff contends the trial court erroneously granted summary judgment in favor of defendants as to her contract claims, which claims were premised upon theories of express contract, implied contract or promissory estoppel. As support for these contentions, plaintiff relies upon various evidentiary materials in the record which she contends create a genuine issue of fact as to these claims. For the reasons which follow, this court finds merit to these assignments of error and reverses the summary judgment in favor of defendants on plaintiff's claims for breach of contract.

Generally, it remains the rule in Ohio that employment for an indefinite term constitutes employment-at-will. An at-will employee may be terminated for any legal reason, unless there is an explicit or implicit agreement to alter the terms of discharge. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, paragraph one of the syllabus. Such agreement may be demonstrated by evidence of course of dealing, company policy and the like. *Id.* at paragraph two of the syllabus. Additionally, oral representations by the employer upon which the employee may reasonably be expected to rely, can create an exception to the at-will doctrine if the reliance is detrimental to the employee. *Id.* at paragraph three of the syllabus. See, also, paragraphs two and three of the syllabus in *Kelly v. Georgia-Pacific Corp.* (1989), 46 Ohio St. 3d 134.

Pertinent to this cause, this court has previously found that statements in an employee handbook providing for the termination of probationary employees "at any time without prior notice," but which do not address the termination policy for non-probationary full-time employees, are evidence of an agreement to modify the at-will doctrine. *Mers v. Dispatch Printing Co.* (1988), 39 Ohio App. 3d 99, 102. In *Mers,* we also found that oral assurances allegedly made by the employer to the employee regarding termination create an issue of fact as to whether the employee could be terminated without cause. *Id.*

Upon review of the pleadings, depositions, answers to interrogatories and affidavits, there is conflicting evidence regarding the at will nature of plaintiff's employment with defendants and whether defendants' oral representations to plaintiff create an exception to the at-will doctrine. Specifically, there is evidence which indicates that all new employees of defendant ONS were required to complete a six-month probationary period, during which time the employee could be terminated with or without cause. Plaintiff's affidavit and deposition testimony indicate that upon the completion of the six-month probationary period, plaintiff could be terminated only for good cause, such as failure to perform assigned work, or dishonesty. Plaintiff's deposition testimony indicates that this policy emerged through a course of conduct during her tenure as a manager with ONS. Finally, plaintiff's deposition testimony indicates that a three-year budget existed for ONS in which her position was identified in her name with a stated salary for each of the three years. At the time of her termination, plaintiff was allegedly in the second year of that budget. Given these facts, reasonable minds could reach different conclusions as to whether plaintiff's employment was terminable at-will. Thus, an issue of fact exists as to the terms and conditions which arguably modified the at-will nature of plaintiff's employment. The third assignment of error is sustained.

Plaintiff's estoppel theory likewise finds support in the record. Specifically, plaintiff's affidavit and deposition testimony indicate that she approached defendant Drum during the last two weeks of her probationary period regarding the status of her employment relationship with ONS because she was in the process of purchasing a home. Consequently, she did not want to undertake financial burden of such purchase absent assurances that her position was secure. Plaintiff testified that defendant Drum gave her those assurances and that she subsequently purchased the home. Moreover, the oral representations regarding her tenure, which plaintiff contends formed the basis for an agreement modifying her at-will employment with ONS, likewise present an issue of fact as to whether

such representations were made and whether plaintiff justifiably relied upon such representations to her detriment. *Pond v. Devon Hotels, Ltd.* (Nov. 10, 1988), Franklin App. No. 88AP-62, unreported (1988 Opinions 3981, 3994). For these reasons, plaintiff's fourth assignment of error is also well-taken.

Having overruled plaintiff's first and second assignments of error and having sustained the third and fourth assignments of error, the summary judgment rendered by the common pleas court in favor of defendants is affirmed with respect to plaintiff's claims for an intentional tort and defamation, but is reversed with respect to plaintiff's claims for breach of employment contract and promissory estoppel. This matter is remanded to that court for further proceedings consistent with this opinion.

> *Judgment affirmed in part,*
> *reversed in part, and*
> *cause remanded.*

WHITESIDE and YOUNG, J.J., concur.

HENDRICKSON, J., of the Twelfth Appellate District, sitting by assignment in the Tenth Appellate District.